246

*Roberds, P. J.*, and *Hall, Lee* and *Holmes, JJ.*, concur.

Gᴉʟʟᴜᴍ *v.* Gᴉʟʟᴜᴍ

No. 40388 February 18, 1957 92 So. 2d 665

*Bailey Brown,* Memphis, Tennessee; *R. F. B. Logan,* Hernando, for appellant.

248

*D. L. Gerwin,* Memphis, Tennessee; *Chatham & Walker,* Hernando, for appellee.

HALL, J.

The parties hereto are both resident citizens of Shelby County, Tennessee. On May 17, 1954, the appellant brought suit in DeSoto County, Mississippi, against

the appellee to cancel his claim to 270 acres of land in said County. On the hearing the chancellor dismissed her bill and she appeals therefrom. We have reached the conclusion that the chancellor was in error and that the decree should be reversed and judgment should be entered in favor of appellant-complainant.

The background of appellee's claim to the land arises out of a chancery court proceeding in Shelby County, Tennessee. The appellant herein, it is shown without dispute, was duly and lawfully married to Elton H. Gillum on March 22, 1944, who died intestate on May 18, 1948, while a citizen of Shelby County, Tennessee. He left no children. On February 19, 1948, prior to his death he had purchased from Charles W. Haraway the 270 acres of land involved in this suit. Haraway was then a very old man and reserved unto himself a life estate in said land. By said deed Elton H. Gillum assumed payment of an indebtedness of $1,130.31 in favor of D. B. Bridgforth which was secured by a second deed of trust on said land, and he also assumed payment of a balance due the Federal Land Bank of New Orleans, which balance as of November 15, 1951, was $1,743.75 and was secured by a first deed of trust on said land. Under Section 470, Code of 1942, the appellant became vested with all title of Elton H. Gillum in said Mississippi land.

James A. Gillum is a half brother of Elton H. Gillum and after Elton's death he qualified and served as administrator of Elton's estate in the Chancery Court of Shelby County, Tennessee. In August 1950 Rowena Davis Gillum filed a bill of complaint against James A. Gillum individually and as administrator of the Estate of Elton H. Gillum wherein she alleged her lawful marriage to the deceased and that no children were born of said union nor did the deceased have living at the time of his death any children or other issue; she charged that James A. Gillum had been administering the estate and that the personal estate was more than $6,000.00

in value. She also alleged that the deceased was the owner of four different tracts of real estate situated in Shelby County, Tennessee, which tracts were specifically described in her bill. And she alleged that as the surviving widow of the deceased she was entitled to homestead and dower in said tracts of land and she prayed for an accounting and that a decree be rendered for the amount found to be due her and that homestead and dower be assigned to her in the manner and to the extent prescribed by the law of Tennessee.

James A. Gillum answered and specifically denied that Rowena was ever lawfully married to the deceased at any place or time and claimed that he himself, as the half brother of deceased, was the sole distributee of the estate of deceased.

The chancery court of Shelby County, Tennessee, heard the matter and entered a decree sustaining the bill of complaint and declaring Rowena to be the lawful widow of the deceased and that as such she was entitled to all the rights and interest of a widow in his real estate and entitled to have and recover of James A. Gillum as administrator all personal property of the estate after the payment of all lawful charges and debts against the estate, and the decree referred the matter to a master to ascertain the nature, extent and amount of the personal estate of the deceased, and reserved all questions of her interest and the extent and character thereof in the real estate until the incoming of the master's report.

After the master's report was filed an order was entered confirming the same and the court entered a final decree adjudging that Rowena was entitled to all of the personal assets of the estate, as shown in said master's report, after deduction of all proper and lawful charges and debts against said estate. The final decree further adjudged that the deceased was the owner of the four tracts of land specifically described in the bill of com-

plaint, and after repeating the description thereof in the decree the court adjudged that Rowena was entitled to have homestead and dower set apart to her out of said lands. By the final decree the administrator was required to pay over to Rowena all of the personal assets of said estate as shown by the master's report, less all proper and lawful charges and debts against the estate, and commissioners were appointed to allot and set apart to her, out of said lands, first a homestead of the value of $1,000.00, and then one-third of the remainder of the lands according to quality and quantity as dower.

From said final decree James A. Gillum prosecuted an appeal to the Court of Appeals of Tennessee, sitting at Jackson, Tennessee.

While said appeal was pending and on April 8, 1952, a written agreement was entered into between Rowena and James, which agreement referred specifically to the suit in Shelby County, Tennessee, and to the decree entered thereon and to the appeal which had been taken from said decree, and recited that the parties desired to dispose of said suit and of the matters in controversy between them and to effect a compromise settlement of their respective rights and interests in said estate and in said real property; and the agreement further recited that in consideration of $6,000.00 in full and complete settlement of any and all rights and interest that she now has or may have in and to the estate of Elton H. Gillum, deceased, and of any and all rights or interests that she now has, or may have, to dower and homestead in and to all real property belonging to said Elton H. Gillum, and in full settlement of all claims and demands of any kind or character against James A. Gillum she specifically waived all right to dower and homestead in the real property of said Elton H, Gillum. The agreement further recited that James A. Gillum will not further prosecute his appeal then pending in the Court of Appeals of Tennessee and that on payment of

said sum of $6,000.00 they would consent in writing to the entry of a decree in said cause then pending in the Court of Appeals of Tennessee at Jackson, in conformity with the compromise settlement therein contained and set forth, subject to the approval of said court. It was further recited that said agreement is a compromise settlement of a disputed claim and is intended as a complete release. The agreement was signed by both of the parties and was approved in writing by their attorneys.

Pursuant to said agreement a decree was entered by the Court of Appeals of Tennessee in said cause which is designated as a consent decree and it refers to the terms of the decree of the Chancery Court of Shelby County, Tennessee and to the appeal therefrom to the Court of Appeals and to the written agreement above mentioned and that Rowena Davis Gillum has accepted the sum of $6,000.00 in cash in full settlement of all her right and interest in said estate and in and to the dower and homestead in the real property of the deceased and has waived her right to dower and homestead in said real property, and the decree then adjudged the fact to be that Rowena is the lawful widow of Elton H. Gillum and that she was awarded judgment in the sum of $6,000.00 in full settlement of all her right, title and interest in and to the estate of said Elton H. Gillum, deceased, and any and all right to dower and homestead in the real property belonging to said Elton H. Gillum. The decree then described in detail the land situated in Shelby County, Tennessee, and divested out of Rowena all her right, title and interest in and to said land, and vested the same in said James A. Gillum and taxed James A. Gillum as administrator with all the costs. The decree was dated April 9, 1952.

The report of the master appointed in Tennessee shows that the deceased owned personal property of the value of $6,343.58 and said report was approved and confirmed by the Chancery Court of Shelby County, Ten-

nessee. The only charges against the personal estate consisted of a funeral bill in the amount of $417.00 plus the expenses of administation.

According to the record the Tennessee land was worth around $8,500.00. The Mississippi land was variously estimated by the witnesses at from $30.00 to $50.00 per acre. Thus the Mississippi land was worth from $7,100.00 to $13,500.00, which the appellee contends was given up by the appellant in the Tennessee settlement. It is significant to note that notwithstanding the fact that the appellee was represented in Tennessee by competent counsel, they never requested the execution by the appellant of any deed to the Mississippi property. It is of course well settled, and the chancellor agreed that the Tennessee court had no jurisdiction or authority to enter a decree which would divest Rowena of her title to the land in Mississippi, but the chancellor laid great stress on the written agreement and consent decree.

As we have pointed out, the consent decree specifically adjudged Rowena to be the widow of the deceased and therefore under the law of Mississippi she inherited the Mississippi land upon the death of her husband in 1948 and acquired the full fee simple title thereto upon the death of the life tenant on November 11, 1953.

It is perfectly clear to us that both the written agreement and the decree of the Court of Appeals in Tennessee, dealt only with the property situated in the State of Tennessee, and that as to the real property Rowena gave up only her dower and homestead rights. She had no dower and homestead rights in Mississippi but was the owner of the fee simple title. As to the Tennessee land, under the law of that state, Rowena was entitled only to dower and homestead and James was the sole heir of all the Tennessee land, subject to Rowena's dower and homestead rights. The agreement gave up Rowena's rights in the personal property and then when it dealt

with real property it referred to nothing except her dower and homestead rights.

In the case of Rayl v. Thurman, 156 Miss. 8 (15), 125 So. 912, this Court said: ''But decrees will be construed as a whole, and in doing so there is to be observed the same rules of construction which appertain to other legal documents, that is to say, effect must be given to all its recitals and with the prime object to ascertain the intention that selected the words used therein.''

■ In 49 C. J. S., Judgments, Section 436, page 867, it is said: ''A judgment must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. In cases of ambiguity or doubt the meaning of the judgment must be determined by that which preceded it and that which it was intended to execute. A construction adopted or acquiesced in by the parties will not be changed without strong reason. * * * As a general rule, the meaning, effect, and legal consequences of a judgment must be ascertained from its own provisions and language, if possible. If, however, the judgment is ambiguous or obscure, or a satifactory interpretation cannot be determined from the judgment itself, the entire judgment roll or record may be looked to, examined, and considered for the purpose of interpreting the judgment and determining its operation and effect.''

Following the above statements of the law, we have heretofore detailed what was before the Tennessee court and the accompanying circumstances. We have also looked to and have examined and considered the record of the Tennessee court for the purpose of interpreting the judgment thereof and determining its operation and effect.

■ In 49 C. J. S., Judgments, Section 441, pages 872-3, it is said: ''A judgment should be construed with reference to the issues raised in the case and which are intended to be decided, and the scope of the judgment is

not to be extended beyond the issues raised in the case, or the state of facts and situation of the parties existing at the time of the action. If there is ambiguity in the judgment, the entire record may be examined to determine the issues decided.''

 We have undertaken to construe the judgment of the Tennessee Court with reference to the issues raised in the case and which were intended to be decided. The only issues were with reference to the personal and real property in Shelby County, Tennessee. No property whatsoever in the State of Mississippi was even mentioned in the Tennessee proceedings or in the agreement for settlement thereof. It is our conclusion that nothing was settled with reference to the Mississippi land. In fact Rowena after having been adjudged the legal widow of the deceased gave up all her interest and claim in the Tennessee land and also gave up something like $4,500.00 to $5,000.00 interest in the Tennessee personal property, for the consideration of $6,000.00 To deprive her of the Mississippi land valued at from $7,100.00 to $13,500.00, less the balance due on the Federal Land Bank deed of trust, would be grossly unjust and inequitable. We are of the opinion that James A. Gillum is entitled to no interest in the Mississippi land and that the decree to the contrary is against the overwhelming weight of the evidence in this case and we can not in good conscience permit the same to stand. The decree appealed from must therefore be reversed and judgment will be here entered adjudging the appellant to be the sole owner of the 270 acres situated in Mississippi.

Reversed and judgment here.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.