[No. 31115. Department Two. November 10, 1949.]

CATHERINE G. GOLAY, *Respondent*, v. CLARENCE E. GOLAY, *Appellant*.[1]

*Clarence L. Gere,* for appellant.
*Horace W. Hall,* for respondent.

[1] Reported in 210 P. (2d) 1022.

MALLERY, J.—This is an appeal from an order modifying a divorce decree.

The parties were divorced in 1940. The decree made a property settlement, awarded custody of the two minor daughters to respondent, the custody of a minor son, now of age, to appellant, and required appellant to pay twenty-five dollars a month for the support of each of the two girls. It was modified in 1945 to relieve appellant of the support of the older daughter, and to increase his monthly payment for the younger from twenty-five dollars to thirty-five dollars. In this manner his total obligation was reduced from fifty dollars to thirty-five dollars a month.

This action arose in January, 1949, on respondent's petition to remodify the child support payments for the younger daughter from thirty-five dollars to one hundred dollars a month on the ground that the daughter's education at the University of Washington, entailing membership in a sorority, was a necessity. The trial court made a finding of fact that appellant was capable of paying fifty dollars a month for the support of this child and so modified the decree to that amount.

From the record it appears that appellant's average monthly income is about one hundred ten dollars. His only other resource is eight hundred dollars savings. Exclusive of the thirty-five dollars a month which he has been paying for his daughter's support, appellant's living expenses amount to one hundred thirty-five dollars a month. Under present conditions, he has to invade his savings to the extent of sixty dollars a month. Under the decree as modified below, this invasion would be increased to seventy-five dollars per month.

In *Esteb v. Esteb*, 138 Wash. 174, 244 Pac. 264, 47 A. L. R. 110, we find recognition of the rule that the expense of educating a child is included among the *necessities* for which a parent can be held liable. The quality and the quantity of necessities for which a parent is liable has been gauged in American and English Jurisprudence from time immemorial by the parents' station in life. Upon the ques-

tion of *education as a necessity,* we would undoubtedly be constrained to hold that as far as the compulsory school attendance law applies, a parent would be liable in any case. A rich man, well able to pay, might very well be held for a college education of an extended and expensive sort. However, the father in this instance is not a rich man, and from the evidence in the record, can scarcely spare any money from his own needs.

Voluntary parental sacrifices to enable children to attend college are very common. The appellent's station in life, however, is such that the obligation should not be placed upon him by law against his will.

The order of modification is reversed.

SIMPSON, C. J., ROBINSON, HILL, and HAMLEY, JJ., concur.