PASS *v.* PASS.

No. 41407          March 21, 1960          118 So. 2d 769

*Horan & Horan,* Water Valley, for appellant.

*Joel W. Bunkley, Jr.,* University; *John S. Throop, Jr.,* Water Valley, for appellee.

HOLMES, J.

The principal question presented on this appeal is whether the court has the legal right to compel a father to provide funds for a college education for his minor child whose custody has been awarded to the mother by court decree. The question has not heretofore been passed upon by this Court, and the authorities generally are not in harmony.

The parties to this action were formerly husband and wife. They had two children, one a son and the other a daughter, Nancy Karleen Pass. By decree of the Chancery Court of the Second Judicial District of Yalobusha County rendered on May 12, 1958, the parties were divorced; the custody of the son was awarded to the father, the custody of the daughter was awarded to the mother, and the father was directed to pay $50 per month for the support of his daughter. The daughter was then approximately sixteen years of age and a student in high school. This decree was rendered pursuant to the authority vested in the court by Section 2743 of the Code of 1942, which reads as follows:

"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her, and may, if need be, require sureties for the payment of the sum so allowed; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require. However, where proof shows that both parents have

separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each.''

On March 31, 1959, at which time the daughter was approximately seventeen years. of age and was a senior in high school, the appellee, Mrs. Nancy Pauline Pass, filed a petition in the Chancery Court of the Second Judicial District of Yalobusha County seeking a modification of the decree of May 12, 1958, upon the alleged grounds that there had been a material and substantial change in circumstances which necessitated an increase in the amount awarded for the support of the daughter, and praying that said award be increased in order to enable the daughter to attend college at the University of Mississippi.

It is undisputed that the daughter, Nancy, is a brilliant student and has made straight A's in her studies, and is prominent in extra-curricular activities, and has a strong desire to attend college following her graduation in May 1959, and has a special aptitude for a college education, and is qualified therefor.

Mrs. Pass, the appellee, testified that she is financially unable to provide the funds necessary for her daughter's college education, but that the appellant is. She further testified that the appellant owns 283 acres of land, of which there are about 100 acres in cultivation; that the land has thereon three tenant houses in good repair; that there is one large dwelling house that is equipped with all modern conveniences; that there is another tenant house that has all modern equipment; that there is a dairy barn on the place; that there are brooder houses for about twenty-four brood sows; that the appellant has about 40 head of cows; that the appellant gets a pension from the Navy amounting to $246.46 per month; that he has tractors and all the equipment necessary to profitably operate the farm; that he has a house trailer fully

furnished and equipped which he uses for fishing and hunting trips; that he has a big boat and a motor; that he has about four guns and a number of bird dogs that he uses for his own pleasure; that the farm is well fenced, and that it is well capable of producing approximately $12,000 per year in income.

The appellee further testified that it would require about $190 per month for Nancy to attend the University of Mississippi, and that Nancy contemplated attending ten months in the year.

■■ The appellant testified that he was heavily in debt and not able to increase the original award made for the support of his daughter. The chancellor, after hearing the evidence, found and held that there had been a substantial and material change in circumstances since the rendition of the original decree of May 12, 1958, and that the original award of $50 per month made in the original decree of May 12, 1958 should be increased to $90 per month in order to aid the daughter, Nancy, in acquiring a college education. The appellant appeals from this decree. He contends that his daughter is now above the age of 18 years and has become emancipated, and he is, therefore, relieved of his legal obligation to support her. The mere fact that the daughter's custody was awarded to the mother by court decree does not of itself cause an emancipation of the daughter. In 67 C. J. S., Parent and Child, page 811, it is said:

"Emancipation, as employed in the law of parent and child, means the freeing of a child for all the period of its minority from the care, custody, control, and service of its parents; the relinquishment of parental control, conferring on the child the right to its own earnings and terminating the parent's legal obligation to support it."

It is readily apparent that Nancy has not become emancipated, and therefore the appellant's contention that she has become emancipated is without substantial merit.

■■ The appellant seriously contends that the evi-

dence fails to reveal such a material and substantial change in circumstances as to render the original decree subject to modification. Of course, the original decree is not subject to modification unless the proof shows a substantial and material change in the circumstances of the parties. Malone v. Malone, 159 Miss. 138, 131 So. 870.

██ █ If under the facts of this case the father can be legally required to the extent of his financial capacity to provide funds for a college education for his minor daughter, or to contribute thereto, we have no difficulty in concluding that since the rendition of the original decree there had been such a material and substantial change in the circumstances of the parties as to justify a modification of the original decree. Since the rendition of that decree, Nancy had become a senior in high school; she had become prepared for graduation and for college and showed a special aptitude therefor. The chancellor so found and we are of the opinion that he was amply warranted in so finding.

The serious question presented, however, is whether the court has the legal right to compel the father to provide funds for a college education for his minor child. As above stated, we have not heretofore passed upon this question. The views of other jurisdictions are divergent as appears from an elaborate note set forth in 56 A. L. R. 2d, pages 1220 et seq. There is respectable authority, however, among the courts of other jurisdictions to support the rule that the father, under proper circumstances, may be required to provide for the college education of his minor child.

In Hale v. Hale (1942), 55 Cal. App. 2d 879, 132 P. 2d 67, the Court stated that it did not agree with some decisions which had held that a divorced father might not be required to provide funds to send a minor child over sixteen years of age to college, if he had financial ability to do so, observing that this determination was one for a trial court to make, taking into consideration all the facts and circumstances of the case.

In Golay v. Golay (Wash.), 210 P. 2d 1022, the Court said: ''Upon the question of *education as a necessity,* we would undoubtedly be constrained to hold that as far as the compulsory school attendance law applies, a parent would be liable in any case. A rich man, well able to pay, might very well be held for a college education of an extended and expensive sort.''

In O'Brien v. Springer, 107 NYS 2d 631, the Court said: ''The duty of a father includes that of providing a high school education, and in some instances, if special aptitude is shown, a college education.''

In Cohen v. Cohen, (1948) 193 Misc. 106, 82 NYS 513, the contention of a divorced husband that he was not compelled to provide more than public school education for his children was said to be untenable, under the prevailing weight of modern authority.

■■■ Of course it is the established law of this State that it is the duty of the father to support his minor child even though the custody of the child is in the mother. Lide v. Lide, 201 Miss. 849, 30 So. 2d 51. By Section 2743 of the Code of 1942, the chancery court in a divorce action is authorized to fix the amount that the father must pay for the support of his child. Under the provisions of the statute the orders which the court is authorized to make are those touching the ''care'' and ''maintenance'' of the child. These are broad terms and it is significant to note that there is nothing in the express language of the statute which excludes ''maintenance'' of the minor child while in attendance at college.

Section 399 of the Mississippi Code of 1942 provides in part as follows: ''The father and mother are the joint natural guardians of their minor children and are equally charged with their care, nurture, welfare, and *education. . . .*'' (Emphasis ours). This statute expressly charges the father and mother with the ''care, nurture, welfare and education'' of their minor children without any limitation excluding college education. In Boyett

v. Boyett, 152 Miss. 201, 119 So. 299, it was held that the duty to support a minor child is primarily that of the father whether the child be in his custody or in the custody of her mother, and that the mother is secondarily liable for support of the minor child.

After a careful research we find no statute other than those referred to above bearing upon the question here presented. Thus, under the statutory law of our State, the father is primarily charged with the duty of providing for the "care, nurture, maintenance and education" of his minor child without any restrictions relieving him of his duty insofar as concerns maintenance in college. It is generally stated in Bunkley and Morse's Amis on Divorce and Separation in Mississippi, Section 9.04, as follows:

"The expense of sending a child to school is a part of the normal and usual support for which the father is liable, and which may be included in the allowance, or recovered by the mother in case no allowance is made. This expense does not include tuition or board at private or parochial schools, nor the expense of a college education. A father may give such special advantages to his child, but the law does not require it. The state requires that the child shall attend school, but at the same time, it has provided adequate schools for that purpose. And if the father provides the necessary expense of attendance at the public schools, his legal duty has been discharged."

We have, however, found no Mississippi case, and counsel have cited none, supporting this statement. In 67 C. J. S., Parent and Child, page 692, appears the following: "The extent of education beyond what is required by the school system of the state is left largely to the discretion of the child's father. Ordinarily he is under no duty, and may not be compelled, to give his child a college or professional education, *regardless of his financial capacity. However, it has been held that*

*the father may be required to provide funds for a college education of his minor child in the custody of the mother where the adaptability of such child for further education has been plainly shown."* (Emphasis ours)

▉▉ Thus it will be observed that there are conflicting views on the question here presented, and in the absence of a precedent among our own decisions, we hold that where the minor child is worthy of and qualified for a college education and shows an aptitude therefor it is the primary duty of the father, if in reason financially able to do so, to provide funds for the college education of his minor child in the custody of the mother, where the mother and father are divorced and living apart. The chancellor so held in increasing the original allowance from $50 to $90 per month, and we are of the opinion that he committed no error in so doing.

A contrary view may have been justified in former times when the needs of the family, and of society, and of government were less exacting than they are today. But we are living today in an age of keen competition, and if the children of today who are to be the citizens of tomorrow are to take their rightful place in a complex order of society and government, and discharge the duties of citizenship as well as meet with success the responsibilities developing upon them in their relations with their fellow man, the church, the state and nation, it must be recognized that their parents owe them the duty to the extent of their financial capacity to provide for them the training and education which will be of such benefit to them in the discharge of the responsibilities of citizenship. It is a duty which the parent not only owes to his child, but to the state as well, since the stability of our government must depend upon a well-equipped, a well-trained, and well-educated citizenship. We can see no good reason why this duty should not extend to a college education. Our statutes do not prohibit it, but they are rather susceptible of an interpretation to

allow it. The fact is that the importance of a college education is being more and more recognized in matters of commerce, society, government, and all human relations, and the college graduate is being more and more preferred over those who are not so fortunate. No parent should subject his worthy child to this disadvantage if he has the financial capacity to avoid it.

In the light of the views expressed, we are of the opinion that the decree of the learned chancellor should be and it is affirmed.

Affirmed.

All Justices concur, except *Roberds, J.,* who took no part.