285 So.2d 140 (1973)
Howard DUETT
v.
Mrs. Sara DUETT.
No. 47261.
Supreme Court of Mississippi.
November 12, 1973.
*141 Jerry O. Terry, Gulfport, for appellant.
Alford & Mars, Philadelphia, for appellee.
SMITH, Justice:
In 1960 Sara Duett was granted a divorce from Howard Duett in the Chancery Court of Neshoba County. The decree required Howard Duett thereafter to pay $50 each month to Sara Duett "for the support of herself" and Dianne Duett and Dale Duett, their children.
On May 6, 1972, Howard Duett filed a petition against Sara Duett in the Neshoba County Chancery Court in which he described the $50 payments as being for child support only, stated that Dianne Duett had reached her majority and was married, that Dale Duett, the son, had also become 21 years of age, and consequently petitioner should be relieved of his obligation to make the payments. The adult son was not made a party.
Sara Duett answered and admitted that Dianne Duett was more than 21 and married, and that Dale Duett also had reached 21 years of age. She objected to cancellation of the payments and attached a copy of the decree under the terms of which Howard Duett had been required to pay her $50 per month "for the support of herself" and the two children. She alleged that she had not remarried and, therefore, she was entitled under the decree to continued support from petitioner.
She charged further that Dale Duett was a senior student at Delta State College where he had made, and was making, very creditable grades, that he possessed "talents, aptitude and intelligence" which enabled him to receive a college education, that modern conditions made it imperative that he do so and that, although he had reached his majority, the obligation to pay the expenses of his education continued to rest upon petitioner, his father. She made her answer a cross-petition and prayed that Howard Duett be required to continue the payments ordered by the former decree for her own support and that of her son.
The only evidence in the record is the testimony of Sara Duett. She was first offered as an adverse witness by petitioner and later testified in her own behalf. From this evidence it appears without dispute that Sara Duett has not remarried, that Dale Duett lives with her, that she works with a take-home pay of $289 per month, that from this and the $50 payments she supports herself and their son, Dale, and from these two sources she assists, so far as she is able, with the costs of his attending college, that Dale Duett's grades have been quite good, that he had been forced, however, because of the shortage of money, to stay out of school from time to time to work and earn money so that he might return to his studies, that he would, unless such a necessity to work intervened, be graduated in August, 1973, and that she owed her bank about $500.
It was not alleged, and no effort was made to show, that the payments were beyond the reasonable capability of Howard Duett, nor is it suggested that the amount would be excessive for the support of Sara Duett or that the payments constituted a hardship upon him. Mrs. Sara Duett did not request that the amount of the payments be increased.
The court delivered an opinion, in the course of which he commented upon the *142 fact that $50 was a "mere pittance" compared to the present day costs the mother was trying to bear, and also remarked upon the tragedy which would result if, for want of these small payments, "this deserving young man should be unable to complete his education."
The chancellor then proceeded to hold, apparently basing his conclusion upon the absence of the word "alimony" in the former decree, that the $50 payments were solely for child support. He held, however, on the basis of Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960) that the payments should be continued until January 1, 1974, or until Dale Duett "graduated from college, whichever happens first" in order that the young man might have time to complete his courses and be graduated.
From the decree entered pursuant to the above stated conclusions, Howard Duett has appealed, without supersedeas, and Sara Duett has cross-appealed. On direct appeal, Howard Duett contends that the payments required of him under the former decree were solely for child support, not alimony or support of his former wife, and that he should not be required to continue making them for the support of his son after his son's twenty-first birthday. Sara Duett on the other hand argues that the payments contemplated or embraced support for herself, whether such support was termed alimony or not, and should continue.
Mississippi Code 1942 Annotated section 2743 (1956) provides, among other things, that when a decree of divorce is entered, the court may, "having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, and also touching the maintenance and alimony of the wife, or any allowance to be made to her."
There is language in the opinions of this Court in Pass v. Pass, supra, and in Holsomback v. Slaughter, 177 Miss. 553, 171 So. 542 (1937), indicating a recognition of a "moral and natural obligation" on the part of parents to provide their children with an education. In Pass v. Pass, supra, although dealing with the proposed college education of a high school graduate who had not then reached her majority, this Court said:
But we are living today in an age of keen competition, and if the children of today who are to be the citizens of tomorrow are to take their rightful place in a complex order of society and government, and discharge the duties of citizenship as well as meet with success the responsibilities devolving upon them in their relations with their fellow man, the church, the state and nation, it must be recognized that their parents owe them the duty to the extent of their financial capacity to provide for them the training and education which will be of such benefit to them in the discharge of the responsibilities of citizenship. It is a duty which the parent not only owes to his child, but to the state as well, since the stability of our government must depend upon a well-equipped, a well-trained, and well-educated citizenship. We can see no good reason why this duty should not extend to a college education. Our statutes do not prohibit it, but they are rather susceptible of an interpretation to allow it. The fact is that the importance of a college education is being more and more recognized in matters of commerce, society, government, and all human relations, and the college graduate is being more and more preferred over those who are not so fortunate. No parent should subject his worthy child to this disadvantage if he has the financial capacity to avoid it. (Emphasis added). (238 Miss. at 458-459, 118 So.2d at 773).
It will not be necessary in this case, however, to reach the question. The ability of the father to pay is in no way questioned and while the adequacy of the amount, $50 per month, to provide support for the wife is not specifically raised, it *143 must be considered a matter of common knowledge of which this Court will take judicial notice that, under present economic conditions, the minimal cost of living of an adult person, viewed most optimistically and however frugally spent, would consume that sum at least.
The chancellor was in error in holding that the $50 award was exclusively for child support and did not contemplate support of the wife because it was not specifically termed "alimony." It is clear, we think, from the language of the decree, that the award was intended to be for the support of the mother and children. Such a consolidated award was made in Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955), where the chancellor "gave judgment against the husband for $150 per month alimony and child support." Brabham, supra, differs from the present case in that the question was that the award of $150 was excessive because the husband's total income was only $215 per month. Also, the word "alimony" was used rather than the word "support" as here. In Brabham, the case was remanded with directions to the trial court to make reasonable awards of alimony and child support consistent with the income of the husband, "such awards to be separately determined." In the case now before us, since the award is not challenged by the husband as being excessive, and cannot be said to be more than is necessary for the support of the wife alone, and has continued to be paid to her under the decree appealed from, remand is not necessary and the award should be permitted to stand as an award of alimony to the wife.
The chancellor allowed cross-appellant attorney's fees and this action is challenged by Howard Duett on appeal. However, we think such fees were properly allowed. Castleberry v. Castleberry, 214 Miss. 94, 58 So.2d 67 (1952).
The decree appealed from will be modified and a decree entered here for the continuation of the $50 monthly payments to Sara Duett as alimony, until and unless hereafter modified in appropriate proceedings in a court of competent jurisdiction.
On direct appeal the decree appealed from will be affirmed as to the allowance of attorney's fees; on cross-appeal, it will be modified to provide that the monthly payments of $50 shall continue to be paid to cross-appellant as alimony for her support until and unless hereafter modified by a court of competent jurisdiction in appropriate proceedings, and decree will be entered here accordingly.
Affirmed in part and decree here for cross-appellant.
RODGERS, P.J., and ROBERTSON, SUGG and BROOM, JJ., concur.