410 So.2d 1326 (1982)
Thomas W. RANKIN
v.
Oline P. Rankin BOBO.
No. 52986.
Supreme Court of Mississippi.
March 17, 1982.
*1327 David O. Butts, Tupelo, for appellant.
Floyd & Bingham, James B. Floyd, Tupelo, for appellee.
Before PATTERSON, C.J., and BROOM and DAN M. LEE, JJ.
PATTERSON, Chief Justice, for the Court:
This case arises from the Chancery Court of Lee County, wherein Mrs. Oline P. Rankin Bobo was awarded an increase in child support payments from $125 per month to $250 per month. Aggrieved, Mrs. Bobo's former husband, Thomas W. Rankin, appeals.
The parties were divorced on April 16, 1975, with the custody of Kristy Rankin, their daughter, being awarded to the mother. The father was ordered to pay $125 per month for the support of his daughter who was then twelve years of age. Thereafter *1328 the appellant moved to Kentucky and married his present wife who has two minor children from a previous marriage. The daughter, Kristy, has seen her father only three or four times since the divorce in 1975 and not at all during the last two years. She has made several trips to Kentucky to visit her father, has sent him cards and gifts and testified that she would like to have a closer relationship with him. Mr. Rankin has never visited with Kristy in her home in Tupelo even though he had rights of visitation and has made several trips to the Tupelo area each year since the divorce.
He testified that Kristy only visited or called him when she wanted money and had never expressed any respect, love or appreciation for him since the divorce. His reason for not visiting Kristy in her home was that he had been threatened with bodily harm by Mr. and Mrs. Bobo if he appeared at their home. This charge was denied by both Mrs. Bobo and Kristy. In any event he never sought to enforce his visitation rights with Kristy. Mr. Rankin denied that he was financially able to share in Kristy's educational expenses even though his gross income had increased from $7,300.87 in 1975 to an expected $20,000 in 1980. Mrs. Bobo testified that her living expenses had increased considerably and that her income for 1979 was only $6,245.
This controversy arose over the expense of a college education for Kristy who was seventeen years of age at the time of the hearing in September 1980. She had graduated from Tupelo High School in May 1980 with special distinction and thereafter entered the University of Mississippi in September 1980. It was stipulated that Kristy is very qualified and well suited for a college education.
The Court decreed that the award to Kristy be increased to $250 per month with payments to be made directly to her so long as she remains a full time student with satisfactory grades. The award was to continue until Kristy obtained her baccalaureate degree.
It is settled that a chancery court may adjudge that one or both parents provide the means for a college education for their children. Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960). When the father's financial ability is ample to provide a college education and the child shows an aptitude for such, the court may in its discretion, after hearing, require the father to provide such education. The parental duty to send a child to college is not absolute, however, but is dependent upon the proof and the circumstances of each case. Hambrick v. Prestwood, 382 So.2d 474 (Miss. 1980).
Mr. Rankin contends that the present facts are so similar to those in Hambrick, that he is lawfully entitled to be relieved of the financial responsibility of contributing in the increased amount toward his daughter's college education, although he readily admits his daughter is well qualified for such education. Kristy maintained a 3.8 grade average in high school and was a participant in the Anchor Club, the Math Club, the French Club, and the National Honor Society. She was also able to work part time after school and earn a portion of her spending money. The appellant contends his daughter's attitude and relationship to him has made her unworthy of further support for her college education.
In Hambrick, the minor child had no contact with her father for seven years, expressed an enmity, almost hate for him, and would not agree to visit her father under any circumstances. She expressed absolutely no love, affection, appreciation, or consideration for him. In Hambrick, this Court qualified the general rule set out in Pass, by stating:
The duty of a father to send a child to college, under the circumstances of this case, is not absolute. It is dependent, not only on the child's aptitude and qualifications for college, but on whether the child's behavior toward, and relationship with the father, makes the child worthy of the additional effort and financial burden that will be placed on him. Sending children to college is expensive and can *1329 cause much sacrifice on the part of parents. It cannot ordinarily be demanded, but must be earned by children through respect for their parents, love, affection and appreciation of parental efforts, none of which are present in this instance. 382 So.2d at 477.
The record in Hambrick was replete with evidence of the lack of a congenial relationship between the father and the daughter. However, these elements were not established in the present case. Here the daughter expressed a desire to keep in touch with her father and made several efforts to do so. Under the evidence presented, the daughter made a greater effort toward a natural father-daughter relationship of love and respect than did her father. In our opinion, Hambrick is not controlling.
Mr. Rankin next contends that the increase in child support is excessive, unjust, and inequitable. Although his income has increased from $7,300.87 in 1975 to an expected $20,000.00 in 1980, Mr. Rankin asserted his present expenses exceed his income. He admits netting approximately $1600 per month with an additional $320 to $340 per month in expenses he receives in connection with his position as a rural mail carrier. Although it could not be considered income of the appellant, we do note that his present wife's two dependent children receive about $700 per month in social security benefits which to that extent would relieve him of that financial responsibility. This leaves his family approximately $2,620 per month for their needs. Mr. Rankin contends, however, that the increase in child support includes not only the additional funds directly attributable to the cost of education but also unnecessary expenses for sorority and dormitory fees. We are of the opinion that a child, if the father is financially able, is entitled to attend college in accord with her family standards. In Wray v. Langston, 380 So.2d 1262 (Miss. 1980), this Court enlarged somewhat the holding in Pass. We held:
The duty of a parent to provide a college education for his or her child contemplates support in addition to tuition and college costs, without which, provision for the college education would be in vain. 380 So.2d at 1264.
In sum, there is simply no evidence to support the appellant's contention that the amount ordered by the chancellor is inequitable and unjust. There is, however, the determination that the father is financially able to provide $250 per month in child support. Under this circumstance we are of the opinion that the trial court did not err in its adjudication.
Mr. Rankin next argues that the chancellor erred as a matter of law in adjudicating that he be required to provide funds for his daughter's education until she obtained a baccalaureate degree since this would extend his support obligation beyond his daughter's minority. We conclude a present determination of this issue would be premature. The daughter is enrolled in the regular and summer sessions of the University. Under this schedule it is probable that Kristy may receive a baccalaureate degree in less than four years, but if she does not, this point can be re-evaluated at that time.
Although the appellee did not seek attorneys fees in the trial court, she now requests that such be awarded on appeal. She contends that a failure to defend the trial court's decree on appeal would have been detrimental to her daughter's interest because a reversal in this court would cause a hardship on her daughter as well as herself. This court has adopted the general rule that where attorneys fees were not sought or allowed in the trial court, none will be allowed on appeal. We are therefore of the opinion that attorneys fees should be denied.
The decree of the trial court is affirmed. The motion for attorneys fees on appeal is denied.
AFFIRMED. MOTION FOR ATTORNEYS FEES ON APPEAL IS HEREBY DENIED.
SMITH and SUGG, P. JJ., and BROOM, WALKER, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.