450 So.2d 92 (1984)
Robert Elton BOLEWARE
v.
Virginia Ann BOLEWARE.
No. 54196.
Supreme Court of Mississippi.
May 16, 1984.
Bill Waller, Sr., Waller & Waller, Jackson, for appellant.
David Shoemake, Collins, for appellee.
Before WALKER, P.J., and DAN M. LEE and SULLIVAN, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Chancery Court of Covington County wherein the appellant, Robert Boleware, was ordered to pay the cost of his son's college tuition. The chancellor based his ruling on an agreed modification of a divorce decree between the parties. Feeling aggrieved by the chancellor's ruling that he must pay the cost of his son's college education, Robert Boleware brings this appeal.
Robert and Virginia Boleware were divorced on December 15, 1975. Custody of their two children was awarded to Virginia Boleware. On January 10, 1980, an order modifying the final decree was entered in which the chancellor stated that he was advised that the parties agreed to this modification. The order stated that Robert Boleware was to pay Virginia $300 in reimbursement for college tuition expenses of the parties' oldest child, Mitchell. The other relevant portion of the decree reads as follows:
IT IS FURTHER, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the respondent, Robert Elton Boleware, be and he is hereby ordered to pay and be responsible for the payment of all college education expenses of the minor children of the parties, said expenses to include all college tuition, all books and materials in their course of study, and room and board, *93 said expenses to be paid directly to the educational institution upon receipt of appropriate evidence of expense of said institution.
Robert Boleware has taken the position that since Mitchell turned 21 years old it is no longer his obligation under the decree to pay for Mitchell's college expenses. At the time Robert ceased paying for Mitchell's expenses, Mitchell was 21 years old and needed five more semesters of college before he could graduate with a degree in architecture.
Some light may be shed on this controversy by reference to our decisions in Rankin v. Bobo, 410 So.2d 1326 (Miss. 1982); Hambrick v. Prestwood, 382 So.2d 474 (Miss. 1980); Wray v. Langston, 380 So.2d 1262 (Miss. 1980); and Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960). In Rankin v. Bobo, we held:
It is settled that a chancery court may adjudge that one or both parents provide the means for a college education for their children. Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960). When the father's financial ability is ample to provide a college education and the child shows an aptitude for such, the court may in its discretion, after hearing, require the father to provide such education. The parental duty to send a child to college is not absolute, however, but is dependent upon the proof and the circumstances of each case. Hambrick v. Prestwood, 382 So.2d 474 (Miss. 1980).
410 So.2d at 1328.
Because each case is dependent upon the "proof and circumstances" it presents, we turn now to the chancellor's opinion in this case. The chancellor based his ruling on the agreed modified decree which he held obligated Robert Boleware to be responsible for the college education expenses of Mitchell because "the parties at that time intended this agreement that was submitted to the Court to require that it extend beyond the 21 years." Having reviewed the decree and all of the attendant facts and circumstances, we find no error in the chancellor's ruling.
Virginia Boleware's cross-appeal of the chancellor's denial of attorneys fees to her is without merit as the chancellor expressly found that Robert Boleware was not in contempt.
Based on all of the foregoing we hereby affirm the chancellor's order requiring Robert Boleware to pay for Mitchell's college education expenses and the denial of attorneys fees to Virginia Ann Boleware
AFFIRMED ON DIRECT AND CROSS-APPEALS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.