## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-01186-SCT

*SUSAN STATEN*

*v.*

*J. RONALD STATEN, M.D.*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/94 |
| TRIAL JUDGE: | HON. SEBE DALE JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID P. OLIVER |
| ATTORNEY FOR APPELLEE: | NANCY E. STEEN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 4/24/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Susan Staten appeals the decision of the Forrest County Chancery Court to decline to award her child support from J. Ronald Staten, her former husband, in addition to the support that the court had ordered be paid directly to the child. Because we find that the chancery court's order is well within the law and its discretion, we affirm.

### I

This appeal arises out of a Complaint filed by Susan Staten against J. Ronald Staten, seeking modification of an Ohio Divorce Decree which had awarded custody of their minor children to Susan Staten. That Decree had also ordered J. Ronald Staten to pay child support in the amount of $1,333 per month until the youngest child reached the age of majority. Susan Staten pled below that there had been a material change in circumstances which would justify a modification of the Ohio judgment such that the child support award should be extended until their youngest child reached the age of twenty-one, the age of majority under the law of Mississippi.

The appellee, J. Ronald Staten, submitted to the jurisdiction of the Forrest County Chancery Court, and agreed to support the child until he reached the age of twenty-one. In October, 1994, the chancellor entered a judgment requiring Mr. Staten to pay for and satisfy all costs associated with the child's attendance at college, including tuition, fees, required books and supplies, and room and board.[1] Mr. Staten was further required to provide direct payment to the child in the amount $500 per semester, for clothing and other related personal items, and $60 per week for general spending money. Finally, Mr. Staten was required to provide a health insurance policy for the child, and to satisfy any additional uncovered costs associated with reasonable and necessary medical, dental, optical, or other medical needs. These obligations were extended to the date at which the child reached twenty-one.

Susan Staten appeals this judgment, asserting that the chancellor erred in failing to order Mr. Staten to pay some amount of child support to her directly, in addition to the educational and living expenses that he had been ordered to pay.

## II.

"Chancellors in this state are given broad discretion in cases regarding the modification of child support." *Morris v. Stacy*, 641 So. 2d 1194, 1196 (Miss. 1994). Furthermore, it is well-settled that this Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor has abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Bowers Window and Door Company, Inc. v. Dearman*, 549 So. 2d 1309 (Miss. 1989) (citing *Culbreath v. Johnson*, 427 So. 2d 705, 707-708 (Miss. 1983)); *Bullard v. Morris*, 547 So. 2d 789, 791 (Miss. 1989).

This Court has adjudicated the responsibility of parents to pay for a child's college education in the form of an increase in child support payments. *See Rankin v. Bobo*, 410 So. 2d 1326 (Miss. 1982); *Pass v. Pass*, 238 Miss. 449, 118 So. 2d 769 (1960). This Court in *Nichols v. Tedder*, 547 So. 2d 766 (Miss. 1989), however, distinguished "regular" child support which refers to the sums of money a particular parent is ordered to pay for the child's basic, necessary living expenses, from other sums of money which a parent may be ordered to pay under §§ 93-5-23 and 93-11-65 of the Mississippi Code for a child's college education, health insurance, medical expenses, and other similar types of expenses. This Court further stated in *Lawrence v. Lawrence*, 574 So. 2d 1376 (Miss. 1991), that "college expenses are not technically 'child support' . . . ." *Id.* at 1382.

In the instant case, the custodial parent has requested that child support be paid to her in addition to the award that the chancellor has ordered be paid directly to the child. "Child support is awarded to the custodial parent *for the benefit and protection of the child*, the underlying principle being the legal duty owed to the child for the child's maintenance and best interest." *Alexander v. Alexander*, 494 So. 2d 365, 368 (Miss. 1986) (citing *Hailey v. Holden*, 457 So. 2d 947 (Miss. 1984)) (emphasis added).

This Court recognized in *Alexander* that a non-custodial parent effectively discharges his child support obligations by directly supporting the child. In *Alexander*, the Court refused to affirm a chancellor's award of past-due child support to the custodial parent of the child, where the noncustodial parent had temporarily maintained custody of the child and had child support payments directly to the child during that period. We stated that affirming the chancellor's ruling in such a

circumstance would create "a situation of unjust enrichment in Mrs. Alexander [the custodial parent]." The concept of direct child support payments has been recognized in more recent cases as well. *See, e.g.,* **Burkett v. Burkett**, 537 So. 2d 443, 446 (Miss. 1989); *see also* **Crow v. Crow**, 622 So. 2d 1226, 1231 (Miss. 1993).

We hold that the Chancery Court acted well within its discretion in not ordering J. Ronald Staten to make child support payments to his child's mother in addition to the aforementioned award. Therefore, the judgment is affirmed.

**AFFIRMED**.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The child was required to attend a state-supported institution in the State of Mississippi and to maintain a grade point average of 2.0 or higher, the grade point necessary to achieve graduation at the institution he attended at the time.