Justice Almon noted in his special writing in Ex parteBarnard, 581 So.2d 489, 491 (Ala. 1991)(Almon, J., concurring in the result), that Ex parte Bayliss, 550 So.2d 986 (Ala. 1989), did not answer the question "whether a child should be awarded support to attend a trade or technical school." I think, for all practical purposes, it did.
 "In a proceeding for dissolution of marriage or a modification of a divorce judgment, a trial court may award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefor, as in the case at issue, before the child attains the age of majority."
Bayliss, 550 So.2d at 987 (emphasis added). In Bayliss our Supreme Court further stated:
 " ' "[P]arents owe [their children] the duty to the extent of their financial capacity to provide for them the training and education which will be of such benefit to them in the discharge of the responsibilities of citizenship. It is a duty which the parent not only owes to his child, but to the state as well, since the stability of our government must depend upon a well-equipped, a well-trained, and well-educated citizenship." ' "
Id. at 994 (quoting Ogle v. Ogle, 275 Ala. 483, 487,156 So.2d 345, 349 (1963), quoting in turn Pass v. Pass, 238 Miss. 449,118 So.2d 769, 773 (1960)) (emphasis added).
The public policy that underlies our supporting the need for a college education applies equally to our supporting the need for a technical or trade school education.