ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court.
¶ 1. In a divorce proceeding, the chancery court ordered the father and mother to pay certain specific college expenses which the father now argues should include flight lessons associated with the child’s aviation-related major. The chancellor found for the father, held the mother in contempt, and awarded the father attorney’s fees, and the Court of Appeals affirmed. But because the divorce decree requires payment for only “meals, tuition, books and room,” we reverse the judgments of the Court of Appeals and the chancery court in part and remand the case for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2. When Teresa and Charles Zweber divorced, the provision in their divorce judgment that addressed college expenses for their two minor children, Daniel and Lindsey, stated:
The Husband and Wife shall each be required to pay for the cost of the minor children, with Husband paying two-thirds (2/3) of the expense and Wife paying one-third (1/8) of the expense, based on the cost of the child attending college at a four[-]year state[-]supported institution in the such state as the child is a resident of. All costs are to be based on the average costs of meals, tuition, books and room, published in a state[-]supported catalog and not to exceed the cost of a four[-]year state[-]supported institution. This obligation shall continue even if the child is over twenty-one (21) years of age prior to the completion of college.
(Emphasis added.)
¶ 3. Lindsey enrolled in Delta State University’s commercial aviation program, which required a number of flight-training courses offered outside the school. The cost of these additional courses alone was $55,000 over four years and was not included in Delta State’s tuition.
¶ 4. Charles filed a motion alleging Teresa was in contempt for failure to pay her share of some of Lindsey’s college expenses, including flight lessons. Teresa responded that her obligation to pay one-third of Lindsey’s college expenses did not include “... incidental other expenses of the child such as a computer, flying lessons, etc.”
¶ 5. Lindsey’s bill from Delta State for the Fall 2009 semester included the following fees: dorm-room charges, a meal plan, “Okra Green Anywhere,” orientation fee, and tuition. When adjusted for scholarship and grant credits, the total amount due to Delta State was $3,415. From this amount, Teresa argued that her total one- *1100 third obligation for Lindsey’s Fall 2009 college fees was $1,138.33, which she divided into twelve monthly payments of $94.86.
¶ 6. Charles argued that Lindsey’s college expenses included $2,610.47 in fees for private flying lessons Lindsey received pri- or to starting college. Of this amount, Charles claimed Teresa’s obligation was $870.16. He also argued that Lindsey’s overall “school costs” for Fall 2009, including the fees listed in the bill from Delta State, were $15,251.03 and that Teresa’s one-third share was $5,083. Finally, he argued that, of Lindsey’s expenses, calculated as of the end of the Fall 2009 semester, Teresa’s total obligation was $5,385.85.
¶ 7. The Chancellor entered the following judgment:
[Teresa] is found to be in contempt of court for her failure to pay the college expenses of Lindsey Zweber. [Charles] is awarded the sum of $5,573.53, which represents the unpaid amounts through the date of trial less deductions for payments previously made by [Teresa] and an offset for college expenses for Daniel through the Spring 2010 semester. The Court finds that the flying lessons obtained prior to entry into college were necessary for her college degree and therefore, are included in the amount owed to petitioner.
[Charles]’s request to modify the Judgment of Divorce to limit the time the parties are required to pay college expenses for the children is denied and the Court will not limit the number of years at this point.
[Charles]’s request to modify child support is denied since the payment of college expenses is in the nature of support.
[Charles] is awarded legal fees in the sum of $1,000.00 for the motion to compel filed in this matter.
[Charles] is further awarded legal fees in the sum of $2,000.00 for [Teresa’s] contempt.
[Charles] is awarded a total money judgment in the sum of $8,573.53. Said amount is due and payable within ninety (90) days of the entry of this judgment.
¶ 8. The Court of Appeals affirmed on all issues, holding that the divorce decree required Teresa to pay for flying lessons as part of Lindsey’s college expenses and that the award of attorney’s fees was not an abuse of discretion. Finally, the Court of Appeals granted Charles an additional $1,000 in attorney’s fees for the cost of the appeal.
¶ 9. Teresa petitioned this Court for a writ of certiorari, raising the following issues: (1) the Court of Appeals erred in making its finding regarding the payment of college expenses; (2) the Court of Appeals erred in its findings of contempt and award of attornéy’s fees; (3) the Court of Appeals erred in finding that Charles was entitled to attorney’s fees on his motion to compel; and (4) the Court of Appeals erred in finding that Charles is entitled to attorney’s fees on appeal. We granted certiorari.
ANALYSIS
¶ 10. Because we reverse the trial court on issue one, we also must reverse and remand the contempt finding and corresponding award of attorney’s fees for further determination. We find no error in the chancellor’s awarding Charles attorney’s fees on his motion to compel.

I. Interpretation of the final judgment of divorce

¶ 11. This Court previously has found that “[a] judgment decree or opinion of court is a legal text, and, when questions of meaning arise, answers are sought by the same rules of construction which *1101 appertain to other legal documents.”[1] So we review a divorce decree de novo, the same standard we use to review contracts.[2]
¶ 12. For our review of this question of law, we follow a three-tiered analysis.[3] First, the “four corners” test requires an examination of the actual language used in the document to “attempt to translate a clear understanding” of the intent.[4] Second, if ambiguity still exists, we consult the canons of contractual construction. Finally, if interpretation is still unsuccessful, we then will resort to extrinsic or parol evidence to construe the meaning of the contract.[5] “In the event of an ambiguity, the subsequent interpretation presents a question of fact for the trier of fact which we review under a substantial evidence/manifest error standard.”[6]
¶ 13. The Court of Appeals — without analysis — deferred to the chancellor’s finding that the college-expense clause included private flight lessons, stating “it does make sense that a student would have to learn to fly before he or she could graduate from the commercial aviation program.”[7] This was error.
¶ 14. The document unambiguously limits “all costs” to “the average costs of meals, tuition, books and room_” Nothing in the order suggests that costs were intended to include private flying lessons taken prior to or during Lindsey’s first year of college.
¶ 15. The Court of Appeals relied on Pass v. Pass,[8] and Lawrence v. Lawrence,[9] But the divorce decrees in Pass and Lawrence required child support only, with no separate provision for payment of college expenses.[10] In both cases, the parties sought an increase in child support to cover college expenses.[11] So the Court of Appeals correctly concluded that the two cases stand for the proposition that, in certain situations, parents may be required to pay for their children’s college educations and the extent of that obligation may go beyond payment for “meals, tuition, books, and room.”[12] But because the divorce decree in this case includes a specific provision addressing specific college expenses, it is distinguished.
¶ 16. The judgment’s provision for college expenses could not have been more clear: meals, tuition, books, and room would be the extent of the parents’ obligation to provide for Lindsey’s and Daniel’s college expenses. Any modification of this agreement should be analyzed under the two-step framework set forth in Lawrence.[13] Although the Court of Appeals observed that flying lessons were required for Lindsey’s major, flying lessons were *1102 not included into the final judgment of divorce.[14]

II. Contempt

¶ 17. We will not reverse a finding of contempt where it is supported by substantial credible evidence.[15] In the final judgment, the chancellor found Teresa in contempt of court “for her failure to pay the college expenses of Lindsey Zweber.” At the trial, after finding that Teresa’s one-third share of Lindsey’s total college expenses remained unpaid, the chancellor stated, “[s]he arrived at a figure that she was paying. But that’s not what the Divorce Decree says. And she had available to her sums to pay it all at one time. So, she is in Contempt of Court....”
¶ 18. We reverse and remand so the chancellor may take our decision today into account in determining whether, and to what extent, Teresa is in contempt for remitting payments on the undisputed amounts in the manner she did, rather than paying the full amount when it was due and whether an award of attorney’s fees is appropriate.
CONCLUSION
¶ 19. The chancery court erred in its interpretation of the final judgment of divorce. We hold that the final judgment of divorce does not require the parents to pay for Lindsey’s flight lessons or other costs and expenses not included in the “cost of meals, tuition, books and room.” We therefore affirm and reverse the judgments of the chancery court and the Court of Appeals in part and remand the case to the trial court for a decision consistent with this opinion. The award of attorney’s expenses to Charles on appeal is likewise reversed.
¶ 20. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED IN PART, REVERSED IN PART AND THIS CASE IS REMANDED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ„ CONCUR. KING, J., NOT PARTICIPATING.

. Gillum v. Gillum, 230 Miss. 246, 255, 92 So.2d 665, 668 (1957).

. Harris v. Harris, 988 So.2d 376, 378 (Miss.2008).

. Id. at 378-79.

. Tupelo Redevelopment Agency v. Abernathy, 913 So.2d 278, 283-84 (Miss.2005).

. Id.

. Harris, 988 So.2d at 378.

. Zweber v. Zweber, 102 So.3d 1145, 1150 (¶ 17) (Miss.Ct.App.2012).

. Pass v. Pass, 238 Miss. 449, 118 So.2d 769 (1960).

. Lawrence v. Lawrence, 574 So.2d 1376 (Miss.1991).

. Lawrence, 574 So.2d at 1378; Pass, 118 So.2d at 770.

. Lawrence, 574 So.2d at 1378; Pass, 118 So.2d at 770.

. Zweber, 102 So.3d at 1149-50.

. See Lawrence, 574 So.2d at 1382-83.

. Zweber, 102 So.3d at 1149-50.

. Shipley v. Ferguson, 638 So.2d 1295, 1297 (Miss.1994).