GRIFFIS, P.J.,
for the Court:
¶ 1. In this child-support-modification case, Ronald Brooks appeals the judgment that ordered him to pay a lump sum of $15,000 for the purchase of a vehicle for his minor child’s transportation to college and to pay Janice Field’s attorney’s fees. Finding error, we reverse and render the chancellor’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. Brooks and Fields are the biological parents of Canary DashSherrel Brooks, born September 4, 1993. Fields filed a complaint to establish paternity. Thereafter, the parties entered into an agreed order of filiation and support, where Brooks was to pay Fields $175 per month in child support and $1,500 in back child support. Brooks and Fields would each be responsible for one-half of Canary’s healthcare expenses.
¶ 3. Thereafter, Fields filed a complaint for modification of child support. Fields alleged that Brooks was wilfully and continuously in contempt of court and not in compliance with the agreed order by not timely paying child support and one-half of the health-care expenses of Canary. To support the modification, Fields claimed that Canary had increased educational expenses due to extracurricular activities and her future college expenses. At an initial hearing, at which Brooks was not present, the chancellor ordered Brooks to purchase an automobile for Canary at a cost not to exceed $7,500, pay $400 a month in child support, provide health coverage to Canary, and pay seventy-five percent of her college expenses.
¶ 4. Brooks filed a motion to set aside the judgment due to a lack of service of process. After a hearing, the chancellor granted the motion. While this motion was pending, Brooks and Fields entered into an agreed order where Brooks voluntarily agreed to increase his child-support obligation to $375 per month. This resolved the contempt claim. Brooks abided by this order.
¶ 5. After the entry of the agreed order, the parties conducted discovery. Both Brooks and Fields submitted Rule 8.05 financial statements.[1] Brooks’s statement *789 reflected that he was an unemployed, disabled veteran living with his mother. Brooks listed a monthly income of $2,773. Brooks reported that his total monthly expenses were $1,878, and that he had purchased two vehicles for cash at a total value of $9,900. Brooks was debt free, and he and Fields stipulated that his monthly income was to increase once he began receiving a Social Security disability award. Brooks’s financial statement, however, did not list any amount of assets or cash on hand.
¶ 6. According to Fields’s financial statement, she was employed by North Mississippi Medical Center. Her net monthly income was $1,488.50. Fields had total monthly expenses of $2,450.
¶ 7. Canary received approximately $936 per month from her father’s Veteran’s Administration benefits and $678 per month from the Social Security Administration.
¶ 8. The parties submitted stipulations of facts and issues as well as proposed conclusions of law to the chancellor. Thereafter, the chancellor ordered Brooks to pay Fields a lump sum of $15,000, within ninety days, to purchase a vehicle as an educational expense for Canary for the purpose of her transportation to and from college. The chancellor cited Brooks’s recent receipt of a lump-sum payment of $25,000 from the Veteran’s Administration for benefits and his monthly income, which after his monthly expenses would leave him with $900 in disposable income. The chancellor also ruled that the balance of the purchase price for an automobile would be paid by Fields or from Canary’s monthly benefit payments. The chancellor further ruled that Fields would be responsible for all insurance costs, as well as the maintenance and upkeep of the vehicle. In addition, the chancellor ruled that Brooks and Fields would each be responsible for one-half of Canary’s other educational expenses not paid for by scholarships or grants. The chancellor found that Fields had incurred $3,500 in reasonable attorney’s fees and ordered Brooks to reimburse Fields one-half of this total amount at $1,750. The chancellor, however, concluded that Fields was not entitled to a retroactive increase in child support before the signed agreed order.
¶ 9. Brooks subsequently filed a motion to reconsider and amend the judgment, which was denied by the chancery court. Brooks timely filed a notice of appeal.
ANALYSIS

1. Whether the chancellor erred in ordering Brooks to pay a $15,000 lump sum for the purchase of a vehicle.

¶ 10. Brooks argues that it was error for the chancellor to order that Brooks pay the $15,000 lump sum for the purchase of a vehicle for Canary as an educational expense. He argues that the chancellor’s decision to award the payment is not supported by any evidence of Brooks’s ability to pay and fails to consider the statutory child-support guidelines or the monthly Veteran’s Administration benefits Canary already receives.
¶ 11. In domestic-relations cases, this Court -will not disturb a chancellor’s judgment when it is supported by substantial credible evidence unless the chancellor abused his or her discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard. Rolison v. Rolison, 105 So.3d 1136, 1137 (¶ 4) (Miss.Ct.App.2012) (citation omitted). “If the chancellor’s findings are supported by substantial evidence, then we will affirm.” Id. (citation omitted). Questions of law, however, are reviewed de novo. Price v. Price, 22 So.3d 331, 332 (¶ 8) (Miss.Ct.App.2009) (citation omitted).
*790 ¶ 12. Mississippi law provides that parents can be required to pay reasonable expenses associated with a child’s college education, where the child shows an aptitude for college. Pass v. Pass, 238 Miss. 449, 455, 118 So.2d 769, 771 (1960). This Court has held that automobile expenses may be awarded as part of college expenses. Striebeck v. Striebeck, 911 So.2d 628, 637-38 (¶¶ 36, 41) (Miss.Ct.App.2005). Specifically, the supreme court has upheld a chancellor’s order for a parent to purchase a vehicle as part of a minor child’s educational expenses, and held that “[t]hough an automobile is not an expense which every parent can provide his/her child, it is not an abuse of a chancellor’s discretion to require a parent to purchase a vehicle where warranted by the circumstances in a particular case.” Chesney v. Chesney, 910 So.2d 1057, 1065 (¶25) (Miss.2005).
¶ 13. The supreme court has also held that it is the responsibility of parents, not the child, to provide funds for education, even if the child has an independent source of funds. Saliba v. Saliba, 753 So.2d 1095, 1099 (¶ 13) (Miss.2000). Payments for college-education expenses, however, do not qualify toward statutory child support, nor will they render child support otherwise within the statutory guidelines to exceed the guideline amount, because “they do not diminish the child’s need for food, clothingU and shelter.” Cossey v. Cossey, 22 So.3d 353, 358 (¶ 20) (Miss.Ct. App.2009) (citations omitted).
¶ 14. Mississippi law, however, limits the parental requirement for payment of educational expenses. The supreme court has determined that a child, if the father is financially able, is entitled to attend college in accord with her family standards. Wray v. Langston, 380 So.2d 1262, 1264 (Miss.1980) (emphasis added). Mississippi Code Annotated section 93-11-65(2) (Supp. 2012) provides “that where the proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children in proportion to the relative financial ability of each.” The supreme court has interpreted this statute to authorize the chancellor to hold parents liable for educational expenses commensurate with the parents’ station in life; and the parents are not obligated to provide such support if it is beyond their station in life. Saliba, 753 So.2d at 1103 (¶ 27) (citation omitted).
¶ 15. Here, the chancellor clearly had the discretion to require both Brooks and Fields to contribute to Canary’s college-education expenses, which included the vehicle purchase, without consideration of the monthly benefits Canary received and in addition to the statutory support. However, we find that the chancellor abused his discretion when he required Brooks to pay a $15,000 lump sum toward the purchase of a vehicle for Canary. The evidence does not support this decision.
¶ 16. Brooks’s financial statement indicated that he had $900 in disposable monthly income. Even though his disposable income was soon to increase based on additional disability benefits he was to receive, he was still a disabled veteran on a fixed income. Indeed, a lump-sum payment of $15,000 for the purchase of a vehicle was hardly commensurate with his station in life. There was simply no evidence that Brooks was financially able to pay the cost of the vehicle and the costs of Canary’s other college expenses. Brooks offered to help purchase a vehicle for Canary at a more reasonable price he could afford. The lump-sum payment of $15,000 was well beyond Brooks’s financial means.
¶ 17. The chancellor relied on the $25,000 lump-sum back payment Brooks received from his Veterans Administration *791 benefits when he ordered Brooks to make the lump-sum payment. There was evidence that Brooks had spent $9,900 of that money for the cash purchase of two vehicles, which would presumably leave him $15,100 in disposable income. However, there was no evidence that Brooks had any of this disposable income or cash on hand at the time the chancellor ordered the payment. Thus, we find that the chancellor’s decision to order Brooks to pay the $15,000 lump sum for the vehicle purchase was not supported by substantial credible evidence in the record. Thus, the chancellor was not within his discretion to award a lump-sump payment of $15,000 to Fields for the purchase of a vehicle for Canary. Therefore, as to this award, we reverse and render the chancellor’s judgment.

2. Whether the chancellor erred by awarding attorney’s fees.

¶ 18. Brooks also argued that the chancellor manifestly erred by ordering Brooks to pay one-half of Fields’s attorney’s fees, in the amount of $1,750, without properly considering the factors in McKee v. McKee, 418 So.2d 764, 767 (Miss.1982), and in the absence of the contempt citation, which Brooks claims was dismissed by the time of the trial. We agree. The chancellor abused his discretion in awarding attorney’s fees to Fields.
¶ 19. In domestic-relations cases, a chancellor may order one party to pay the other’s legal fees based on need. Tynes v. Tynes, 860 So.2d 825, 881 (¶ 22) (Miss.Ct.App.2003) (citation omitted). An award of attorney’s fees is within the discretion of the chancellor, and is reviewed by this Court under an abuse-of-discretion standard. A.M.L. v. J.W.L., 98 So.3d 1001, 1022 (¶ 63) (Miss.2012). Chancellors have broad discretion in determining whether to award attorney’s fees. Lauro v. Lauro, 924 So.2d 584, 591 (¶29) (Miss. Ct.App.2006) (citations omitted). The supreme court has found that attorney’s fees should be awarded where the intentional misconduct of one party causes the other party to needlessly expend money on attorney’s fees. Mabus v. Mabus, 910 So.2d 486, 489 (¶ 8) (Miss.2005) (citation omitted).
¶ 20. In McKee, the supreme court outlined the factors to determine the reasonableness of an award of attorney’s fees:
The fee depends on consideration of, in addition to the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.
McKee, 418 So.2d at 767. Therefore, to award attorney’s fees, the chancellor must consider the reasonableness of the attorney’s fees and the amount of the fees that were paid to remedy the opposing party’s intentional misconduct. See A & L Inc. v. Grantham, 747 So.2d 832, 845 (¶ 61) (Miss. 1999). Failure to do so would constitute manifest error and warrant reversal of an award of attorney’s fees. Id. (citing Selman v. Selman, 722 So.2d 547, 554 (¶ 29) (Miss.1998)).
¶ 21. Here, based on the record before us, we find that the chancellor abused his discretion in awarding attorney’s fees to Fields. The chancellor did not find any intentional misconduct on the part of the Brooks that would support an award of attorney’s fees. Instead, the chancellor cited the fact that Fields had to file a lawsuit to get an increase in child support for Canary’s educational expenses, which *792 does not constitute intentional misconduct by Brooks. Further, there was insufficient evidence in the record to demonstrate that any of the factors of the McKee analysis were met. And the chancellor just awarded Fields one-half of her attorney’s fees -without stipulating specifically how much of her fees were caused by Brooks’s intentional misconduct.
¶ 22. We recognize that the chancellor is allowed to award attorney’s fees for a modification action if the party requesting fees is unable to pay. A.M.L, 98 So.3d at 1022-23 (¶ 64) (citation omitted). However, Fields did not prove her inability to pay her attorney’s fees. Her attorney’s fees were included as a one-time expense in her financial statement. The record, which also includes Fields’s stipulation of facts, is not clear on whether she paid the attorney’s fees as part of her past expenses. Because the record does not provide adequate support for Fields’s inability to pay her attorney’s fees, the chancellor abused his discretion in awarding the fees. Therefore, we reverse and render a decision in favor of Brooks as to this issue.
¶ 23. THE JUDGMENT OF THE CHANCERY COURT OF LEE COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. UCCR8.05.