382 So.2d 474 (1980)
Boriece HAMBRICK
v.
Mrs. Judith PRESTWOOD.
No. 51744.
Supreme Court of Mississippi.
April 2, 1980.
Rehearing Denied May 7, 1980.
Lee B. Agnew, Sr., Robert A. Crawford, Jackson, for appellant.
W.E. Gore, Jr., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
*475 WALKER, Justice, for the Court:
This appeal is from a decree of the Chancery Court of the First Judicial District of Hinds County, Mississippi, wherein the lower court ordered appellant, Boriece Hambrick, to continue paying appellee, Mrs. Judith Hambrick Prestwood, $175.00 per month child support for their two minor children; pay $2,696.00 as reimbursement to Mrs. Prestwood for children's medical expenses paid by her; pay $1,250.00 to Mrs. Prestwood for attorney's fees incurred; pay the sum of $10,887.36 for back child support, and upon enrollment of Cynthia Hambrick at Mississippi State University that Mr. Hambrick pay all necessary cost, such as tuition, matriculation fee, etc., directly to the college, in advance so long as she attends and maintains average grades and until she graduates, unless she becomes emancipated, marries or reaches twenty-one years of age before graduation.
The parties herein were divorced by decree dated November 1, 1966. Under the terms of the original decree, the appellee was awarded a divorce but the appellant was given the right of reasonable visitation with his two minor children and ordered to pay $135.00 per month child support.
On October 10, 1970, a decree was entered modifying the original decree and increasing the child support to $175.00 per month and making certain changes in the visitation rights afforded to appellant.
After the filing of other petitions to modify and answers thereto, an agreed order was entered on October 14, 1974, wherein Hambrick and Prestwood were given the opportunity to voluntarily present themselves to the Jackson Mental Health Center for consultation services and Mrs. Prestwood *476 was also ordered and directed to take her two minor children to the center for consultation services.
Since that date, a multitude of motions and petitions have been filed in this cause, and the pleadings, etc. consume 286 pages of the record, which now brings us to the present controversy.
On December 28, 1978, the appellee, Mrs. Prestwood, filed a petition to modify and for reimbursement for medical expenses and a petition for citation for contempt. Mrs. Prestwood alleged inter alia that she had been required to expend her own funds for medical treatment for the minor children; that Cynthia desired to attend Mississippi State University in September of 1979, and that appellant should be required to pay her tuition, travel expenses, necessary clothing and other incidental expenses. She further alleged that appellant was in arrears in child support and she also asked for attorney's fees.
In his answer filed on March 20, 1979, appellant filed a cross-petition to modify and prayed that the lower court discontinue any monetary payments to Mrs. Prestwood for the children of the parties, or in the alternative to make any monetary payment to the children contingent upon said children sharing, respectively, their society, love, affection, companionship and services with appellant in a reasonable and normal manner.
It is uncontradicted that Hambrick has not enjoyed visitation privileges with either his son, who was seventeen years of age at the time of the hearing, or his daughter, who was nineteen years of age at the time of the hearing, since 1974.
It is also uncontradicted that of twenty-nine attempts in the year prior to Hambrick's last attempt to visit the children, the daughter did not ever go with him, while the son went with him only five times.
It is also uncontradicted that Hambrick ceased making child support payments in March of 1974, when the children refused to visit with him.
Prior to this time, in 1973, Mrs. Prestwood was found to be in contempt of court for refusing to require the daughter, Cynthia, to visit Hambrick and was sentenced to serve fourteen days in jail for such contempt. However, on appeal, this Court was of the opinion that there was insufficient proof to show, beyond a reasonable doubt, that Mrs. Prestwood had willfully refused to abide by the court decree and set aside the judgment of contempt and sentence. See Prestwood v. Hambrick, 308 So.2d 82 (Miss. 1975). However, there is a strong inference to be drawn from the voluminous pleadings and the record of this cause, that Mrs. Prestwood, though, perhaps, not in contempt, is not free of fault for the attitude of the children toward their father and the undesirable situation that exists.
In the opinion rendered below by the learned chancellor, he said, inter alia:
This Court is of the opinion that any further attempts to visit said children [after January, 1974] would have been in vain, they both having testified that they did not want to go with their father. The question then arises should Hambrick be required to pay child support under such circumstances and should he be held in contempt of court for his failure to make back payments as formerly ordered by [the] court when he has not had the privilege of visiting with his children... .
The chancellor correctly held that the past due installments of child support became vested as they became due and that they could not thereafter be reduced. Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961). He also correctly held that the facts of this case would not bring it within the holding of Williams v. Williams, 167 Miss. 115, 148 So. 358, 88 A.L.R. 197 (1933), which held that the ex-wife was not entitled to invoke the aid of the court to collect past due alimony until she had complied with the decree permitting the ex-husband to visit the children in her custody, basing its ruling on the equitable maxim that, "He who seeks equity, must do equity," nor does this case come within the holding of Cole v. Hood, 371 So.2d 861 (Miss. 1979), where this *477 Court refused the aid of the courts to the mother who was attempting to collect past due child support payments where the mother had hidden and secreted the children for several years to prevent the father from seeing them. In that case, the Court invoked the age old maxim that, "He who comes into equity must come with clean hands."
As to the unpaid medical expenses, Hambrick argues in his brief that he had insurance which would have paid the bills if they had been submitted to him timely. However, this is not supported by the record. We would point out, however, that where a party is required to pay medical expenses for which he has insurance coverage, the bills must be submitted to him promptly for payment so that he may then submit them to his insurance company. Failure to promptly submit the bills within the period of time required by the policy may bar recovery by the party claiming them.
The most serious problem presented by this case is whether Mr. Hambrick should be required to continue supporting Cynthia, who was nineteen years of age at the time of the hearing below, had finished high school, was attending Hinds Jr. College, making good grades, and desiring to go on to college and study electronic engineering.
Cynthia has been employed and earned $460.00 per month, which she was free to use as she pleased.
The problem concerning Cynthia is that she, by her own testimony, has not had any contact with her father for six or seven years and does not want to have any contact with him. She says that she dislikes him, categorizing it close to "hate." She told the court that there was no arrangement that could be made [that would satisfy her] for her to visit her father. When she applied for admission to Hinds Jr. College, she did not list Hambrick as her father, but listed her parents as Mr. and Mrs. J.T. Prestwood.
There is nothing in this record that would justify Cynthia's attitude toward her father. Although there is no direct proof that Mrs. Prestwood has alienated the affection of the children from their father, the history of this case strongly infers that she has contributed to the problems and allowed the situation to deteriorate.
In Pass v. Pass, 238 Miss. 449, 458, 118 So.2d 769, 773 (1960), this Court said:
[W]e hold that where the minor child is worthy of and qualified for a college education and shows an aptitude therefor it is the primary duty of the father, if in reason financially able to do so, to provide funds for the college education of his minor child in the custody of the mother, where the mother and father are divorced and living apart. (Emphasis added).
The duty of a father to send a child to college, under the circumstances of this case, is not absolute. It is dependent, not only on the child's aptitude and qualifications for college, but on whether the child's behavior toward, and relationship with the father, makes the child worthy of the additional effort and financial burden that will be placed on him. Sending children to college is expensive and can cause much sacrifice on the part of parents. It cannot ordinarily be demanded, but must be earned by children through respect for their parents, love, affection and appreciation of parental efforts, none of which are present in this instance.
From the time that she was twelve years of age, Cynthia has shown no love, affection, appreciation or consideration for her father. As early as 1974, when told that the court had ordered that she visit her father, she replied, "I'm still not going."
Under the unfortunate circumstances of this case, we are of the opinion that the father should be relieved of any further obligations to support or educate this nineteen-year-old young lady. In doing so, we are not unmindful of the fact that she earned $460.00 per month in the past and is capable, if she so desires, to continue her education at her own expense.
*478 We continue to adhere to the holding in Pass v. Pass, supra, but this case demonstrates that no rule of law is or should be completely inflexible. The facts of some cases require exceptional treatment and this is one of those. We have simply tried to balance the rights and obligations of a parent with the rights and obligations of his nineteen-year-old daughter.
We do not disturb the order of the chancellor with reference to child support for the son who is under eighteen years of age.
The decree of the chancery court is affirmed as to the order that Boriece Hambrick pay Mrs. Judith Hambrick Prestwood $2,696.00 as reimbursement for medical expenses; $1,250.00 for attorney fees; $10,887.36 child support in arrears, but is reversed as to the requirement that Hambrick pay college expenses of Cynthia Hambrick or further child support for her. Child support payments are reduced from $175.00 per month to $87.50.
AFFIRMED IN PART; MODIFIED IN PART; REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.