509 So.2d 864 (1987)
Elizabeth MILAM and Frances Turner
v.
Thomas Coleman MILAM, Sr.
No. 57433.
Supreme Court of Mississippi.
May 6, 1987.
Rehearing Denied July 29, 1987.
*865 Paul R. Scott, Wilroy & Scott, Hernando, Jack R. Jones, III, Taylor, Jones, Alexander, Greenlee, Seale & Ryan, Southaven, for appellants.
Joel P. Walker, Walker, Brown & Brown, Hernando, John A. Johnson, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This appeal is from a consolidation of three actions filed in the Chancery Court of DeSoto County, Mississippi. Mr. Milam filed suit to modify a 1977 decree of divorce to obtain custody of his two minor children, Leslie and Thomas, Jr. Mrs. Milam answered and also sought to have Mr. Milam cited for contempt for failure to pay child support and certain medical bills. Mrs. Turner, maternal grandmother of the two children filed an action seeking custody of the children against both the natural parents.
The Chancellor denied the request of Mrs. Turner for custody of the grandchildren, found Mrs. Milam to be an unfit mother and modified the prior decree to grant custody of the children to Mr. Milam. The Chancellor further found that Mr. Milam must pay $2,383.00 in past due medical bills and attorney fees to both Mrs. Milam and Mrs. Turner, in the aggregate amount of $1,200.00.
Mrs. Milam charged the Chancellor with abuse of discretion in not finding Mr. Milam in contempt; in the granting the change in custody; and in not finding that Mr. Milam had abandoned his children.
Mrs. Turner urges that the Chancellor should have treated her as a parent, and that the Chancellor erred in not finding Mr. Milam in contempt.
Mr. Milam urges that the Chancellor abused his discretion in the award of attorney fees and in finding that he owed the medical bills.

CUSTODY
As between Mr. and Mrs. Milam there is more than substantial evidence in this record to justify the Chancellor's finding that Mrs. Milam was unfit to have the custody of the children and that Mr. Milam was a fit and suitable parent to have custody of his children. Likewise the record contains substantial evidence from which the Chancellor could determine that Mr. Milam had not abandoned his children. This Court has held since 1848 that we will *866 not disturb the finding of a Chancellor on conflicting evidence unless he is clearly wrong. Torrence v. Moore, 455 So.2d 778 (Miss. 1984) and other cases too numerous to cite here. No purpose would be served by reciting the sordid and unfortunate facts offered in this record. Suffice it to say that upon the issue of custody the Chancellor was not manifestly wrong and his determination of the custody of these two children is affirmed.
Mrs. Turner is a woman of great compassion and love for these two children and has been the rock of their stability for many of the years of their lives. She doubtless would provide excellent care for them as she has in the past. However, as between a parent and a grandparent, it is presumed that the best interest of children is to be in the custody of their natural parent unless it can be shown by clear evidence that the parent has abandoned the children or the conduct of the parent is so immoral as to be detrimental to the child or that the parent is mentally or otherwise unfit to have the custody of the child. Rodgers v. Rodgers, 274 So.2d 671 (Miss. 1973), Stoker v. Huggins, 471 So.2d 1228 (Miss. 1985).
Mrs. Turner met this burden as to her daughter, Mrs. Milam, but we cannot disagree with the Chancellor, that upon this record she failed to meet her burden of proof as to Mr. Milam, the father of the two children. Therefore, as to Mrs. Turner, the finding of the Chancellor awarding custody to Mr. Milam is affirmed.

CONTEMPT
The Chancellor found that while Mr. Milam was in arrears he was not in contempt because during the period that he did not make his child support payments he was either in hospital, unable to work or living below subsistence level and only surviving with the aid of welfare. The Chancellor ordered Mr. Milam to pay the back child support into a trust fund for the two children. That part of the award was not appealed.
Again, we will not reverse the Chancellor upon a finding of fact short of manifest error and none is present here. Contempt is to be determined upon the facts of an individual case and is a matter for the trier of fact. See Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961) at 538.

MEDICAL PAYMENTS
Mrs. Milam prayed for unreimbursed medical expenses for the children of $2,383.00. Mr. Milam was obligated by the prior decree to provide medical care for the children. Mrs. Milam not only did not consult with Mr. Milam before the medical care was obtained nor did she ever submit the bills to him for payment because she said "... it wouldn't do any good."
At least part of the time that these expenses were occuring, Mr. Milam has medical insurance to make these payments but was not presented with the bills. Therefore, under our decision in Hambrick v. Prestwood, 382 So.2d 474 (Miss. 1980) the Chancellor was in error in making this award and it is therefore reversed and judgment rendered for Mr. Milam on past medical expenses.

ATTORNEY FEES
An award of attorney fees is within the sound discretion of the Chancellor. Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983). Here the Chancellor abused his discretion in awarding an attorney fee to Mrs. Milam as she was unsuccessful in opposing the modification and in urging the contempt, and as to the modification she even conceded her inability and lack of desire to care for the children.
As to Mrs. Turner, there is no precedent for an award of attorney fees to an unsuccessful third party seeking to take the custody of children for natural parents. Furthermore, on these facts, Mrs. Turner is in much better financial condition than Mr. Milam and amply able to pay her own attorney fees.
The award of $1,200.00 for attorney fees against Mr. Milam is therefore reversed and judgment is rendered here in his favor.
*867 For the reasons stated we affirm the custody modification and the finding of no contempt, and we reverse and render judgment for Mr. Milam on the issues of attorney fees and reimbursement of medical expenses.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.