¶ 12. I concur with the decision reached in this case and join the opinion of the majority. I write separately to emphasize the necessity for findings of fact as to each defense asserted, especially when the chancellor is faced with conflicting testimony. The well established rule is that a chancellor's finding of fact will not be reversed on appeal unless his findings are clearly against the weight of the evidence. Turpin v. Turpin,699 So.2d 560 (¶ 15) (Miss. 1997). This Court respects those findings of fact which are supported by substantial credible evidence, particularly in areas of domestic relations. Steen v.Steen, 641 So.2d 1167, 1169 (Miss. 1994). Until the chancellor addresses Brenda's defense that she was honestly unable to deliver the two Waverunner Jet Skis and trailer to Charles, this Court is unable to determine whether the chancellor abused his discretion in citing Brenda for willful and obstinate contempt of court.
 ¶ 13. A citation for contempt is determined upon the facts of each case and is a matter for the trier of fact. Milam v. Milam,509 So.2d 864, 866 (Miss. 1987). A citation is proper when "the contemnor has willfully and deliberately ignored the order or the court." Bredemeier v. Jackson, 689 So.2d 770, 777 (Miss. 1997). Contempt matters are committed to the sound discretion of the trial court, and we will not reverse where the chancellor's findings are supported by substantial credible evidence. Caldwellv. Caldwell, 579 So.2d 543, 545 (Miss. 1991). However,
 before a person may be held in contempt of a court judgment, the judgment must "be complete within itself-containing no extraneous references, leaving open no matter or description or designation out of which contention may arise as to the meaning. Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or be the officers charged with execution of the decree. . . ."
Wing v. Wing, 549 So.2d 944, 947 (Miss. 1989) (quoting Morgan v.U.S. Fidelity Guaranty Co., 191 So.2d 851, 854 (Miss. 1966)). Here, the judgment of divorce awarded to Charles "real estate, interest in corporations, farming operations, or personal property titled exclusively" in his name. Charles filed a petition for contempt alleging Brenda failed and refused to deliver two Yamaha Waverunner Jet Skis and trailer which were titled exclusively in his name.
 There are several available defenses to a civil contempt charge. One is that whatever violation there may have been of a decree or order was not willful or deliberate such that the behavior in question may not be labelled as contumacious. Included in this defense may be an honest inability to perform according to the dictates of the order or decree. Another available defense is the traditional notion of "clean hands." A third defense is that of an inability to obey an order which is vague or not sufficiently specific. *Page 227 
Banks v. Banks, 648 So.2d 1116, 1123 (Miss. 1994) (citations omitted). Brenda contends the notarized bills of sale and the application for boating decals clearly show that Charles had conveyed both jet skis to her and title was exclusively in her name. After considering the evidence presented by Brenda and Charles, the chancellor found the testimony of Brenda to be incredible and the two bills of sale suspect. The chancellor declared the two Yamaha Waverunner Jet Skis and trailer were owned exclusively by Charles as evidenced by the original titles which were exhibits in the divorce proceedings and ordered Brenda to deliver the jet skis and trailer to Charles or, if Brenda failed to deliver the jet skis, Charles could deduct $10,000 from funds previously awarded to Brenda in the divorce proceeding. Whether the jet skis and trailer were owned exclusively by Charles was properly resolved by the chancellor sitting as fact-finder.
 ¶ 14. However, the chancellor adjudged Brenda in contempt of court without addressing Brenda's second defense, that she was unable to obey the judgment of divorce to deliver the personal property titled exclusively in Charles because the jet skis were stolen prior to the hearing on the divorce. The record shows that Brenda reported the theft of the jet skis to the Memphis Police Department prior to the divorce hearing. Therefore, Brenda asserts, at the time the judgment of divorce was entered she was unable to return the jet skis to Charles. It is the chancellor's failure to make proper findings of fact on this issue which requires the contempt order be reversed and the matter remanded to the court below for a determination as to the merits of Brenda's defense that she was honestly unable to comply with the terms of the judgment of divorce.
 KING, P.J., AND PAYNE, J., JOIN THIS SEPARATE OPINION.