LEE, J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. Leslie Mills and Bera G. Holloway are the parents of LaDarrion G. Holloway. In 1994, the 264th Judicial District Court of Harris County, Texas, entered an order under the Uniform Interstate Family Support Act, in which Mills was given custody of the minor child. Holloway was ordered, among other things, to pay child support and provide insurance coverage for the child. The order further provided that Holloway and Mills would each pay fifty percent of all un-reimbursed health care expenses, if, at the time the expenses were incurred, Holloway had provided LaDar- *756 rion with insurance coverage. If Holloway should fail to provide LaDarrion with insurance coverage, he would be responsible for all health care expenses.
¶ 2. Both parties subsequently relocated to Hinds County, Mississippi. On November 6, 2001, Holloway filed a complaint for visitation in the Chancery Court of the First Judicial District of Hinds County. Mills answered and counter-claimed for proof of insurance for LaDarrion, for reimbursement for medical expenditures on behalf of LaDarrion, and for an increase in child support.
' ¶ 3. A trial was held on February 12, 2002. At the trial, Holloway testified that he did, in fact, have proof that LaDarrion was covered by his insurance between the years of 1994 and 1998; however, he simply neglected to bring the information to court. Mills testified that she had not been provided with any proof of insurance, and as a result had incurred medical expenses and the cost of insurance for which she should be reimbursed. The trial court ruled that Holloway was to present proof of insurance in compliance with the Texas court’s order “so that the Court can make a determination as to whether or not [Holloway] has been in compliance with the Court’s order which would then depend upon whether or not the Court would find he is obligated to pay any past medical expenses related to the minor child.” A judgment and order was entered on April 8, 2002; however, the order did not memorialize the trial court’s reservation on ruling on Holloway’s liability for the past medical expenses.
¶ 4. On February 14, 2003, Mills filed a petition to enforce the prior judgment. A hearing was held on March 19, 2003. At the hearing, Holloway still possessed no proof that he had provided LaDarrion with insurance coverage from 1994 to October 1998. Because he lacked evidence that LaDarrion was so insured, the chancellor ordered that Holloway reimburse Mills $4,864.27 in medical bills. Aggrieved, Holloway filed this appeal, and assigns as error the following:
I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN ALLOWING MILLS TO SUBMIT MEDICAL BILLS FOR CONSIDERATION AT THE MARCH,2003 HEARING?
II. DID THE TRIAL COURT ABUSE ITS DISCRETION IN ORDERING PAYMENT OF MEDICAL BILLS NOT SUBMITTED IN A TIMELY MANNER?
STANDARD OF REVIEW
¶ 5. The standard of review for domestic cases is abundantly clear. This Court will not disturb the findings of a chancellor unless we find an abuse of discretion, an erroneous application of law, or a manifest error. Andrews v. Williams, 723 So.2d 1175, 1176(¶7) (Miss.Ct.App.1998) (citations omitted). Thus, if we find substantial evidence in the record to support the chancellor’s findings, we will not reverse. Wilbourne v. Wilbourne, 748 So.2d 184, 186(¶ 3) (Miss.Ct.App.1999).
DISCUSSION OF ISSUES
¶ 6. Mills did not file a brief in this matter; therefore, we have two options before us. The first is to take Mills’s failure to file a brief as a confession of error and reverse, which should be done when the record is complicated or of large volume and “the case has been thoroughly briefed by [the] appellant with a clear statement of the facts, and With apt and applicable citation of authorities, so that the brief makes out an apparent case of error [.]” May v. May, 297 So.2d 912, 913 (Miss.1974). The second is to disregard Mills’s error and affirm, which should be used when the record can be conveniently examined and such examination reveals a “sound and unmistakable basis or ground *757 upon which the judgment may be safely affirmed [.]” Id. Because Holloway has not made out an apparent case of error and the basis for the chancellor’s decision is sound, we affirm and discuss the merits below.
I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN ALLOWING MILLS TO SUBMIT MEDICAL BILLS AT THE APRIL 2003 HEARING?
¶7. The trial court did not abuse its discretion in admitting medical bills into evidence at the March 2003 hearing. In her ruling from the bench, Judge Wise clearly indicated that she would reserve ruling on Holloway’s liability for the medical bills until there was a determination that he lacked insurance during the time in question. Judge Wise then granted Holloway thirty additional days to submit proof of insurance to the court. Holloway failed to present such evidence as required in the April 2002 order. Because the chancellor reserved her ruling on Holloway’s liability for the medical bills, the chancellor did not abuse her discretion in hearing evidence on the issue of medical bills at the subsequent hearing.
II. DID THE TRIAL COURT ABUSE ITS DISCRETION IN ORDERING PAYMENT OF MEDICAL BILLS NOT SUBMITTED IN A TIMELY MANNER?
¶ 8. In support of his contention that he should not have to reimburse Mills for the medical expenses, Holloway cites Milam v. Milam, 509 So.2d 864 (Miss.1987) and Hambrick v. Prestwood, 382 So.2d 474 (Miss.1980). In Hambrick, the father contested payment of medical expenses but provided no evidence of insurance covering the child at the time the bills were incurred. Hambrick, 382 So.2d at 477. In Milam, the father contested reimbursement for medical expenses incurred while he actually had insurance. Milam, 509 So.2d at 866. However, in Milam the court denied reimbursement for medical expenses upon a showing that the father possessed insurance and could have paid the bills had the mother submitted the bills to him in a timely manner. Id.
¶ 9. Holloway conveniently fails to note that the analysis adopted in Ham-brick and utilized in Milam does not rest solely on whether or not the medical bills were submitted in a timely manner. Instead, the court considers whether or not the party contesting payment had insurance that would have covered the charges. “[W]here a party is required to pay medical expenses for which he has insurance coverage, the bills must be submitted to him promptly for payment so that he may then submit them to his insurance company.” Hambrick, 382 So.2d at 477. The case at bar follows the facts of Hambrick. Like the father in Hambrick, Holloway has not provided a shred of evidence that LaDarrion was covered by his insurance policy at the time the medical expenses were incurred. Because he has failed to show any proof of insurance, Holloway fails to meet the criteria utilized in Ham-brick. The chancellor did not abuse her discretion in requiring Holloway to pay for medical charges incurred due to his failure to insure his child. Finding no error, we affirm.
¶10. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF APPEAL ARE TAXED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.