# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00818-COA

KENNETH K. STALLINGS                                      APPELLANT

v.

MEEKA MORGAN ALLEN                                        APPELLEE

DATE OF JUDGMENT:                05/16/2014
TRIAL JUDGE:                     HON. E. VINCENT DAVIS
COURT FROM WHICH APPEALED:       CLAIBORNE COUNTY CHANCERY
                                 COURT
ATTORNEY FOR APPELLANT:          KENNETH K. STALLINGS (PRO SE)
ATTORNEY FOR APPELLEE:           KIMBERLY WALKER NAILOR
NATURE OF THE CASE:              CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:         GRANTED PETITION FOR
                                 MODIFICATION OF CHILD SUPPORT;
                                 APPELLANT ORDERED TO PAY $509 PER
                                 MONTH IN CHILD SUPPORT; APPELLANT
                                 FOUND IN CONTEMPT FOR FAILURE TO
                                 PROVIDE DENTAL INSURANCE AND PAY
                                 MEDICAL EXPENSES; APPELLANT
                                 ORDERED TO PROVIDE DENTAL
                                 INSURANCE FOR MINOR CHILD;
                                 APPELLANT ORDERED TO PAY VARIOUS
                                 MEDICAL BILLS; APPELLEE AWARDED
                                 $774.60 PLUS LEGAL INTEREST FOR
                                 DENTAL-INSURANCE PREMIUMS OF
                                 MINOR CHILD; APPELLEE AWARDED
                                 $5,835.14 PLUS LEGAL INTEREST FOR
                                 MEDICAL EXPENSES; AND APPELLANT
                                 ORDERED TO PAY APPELLEE'S
                                 ATTORNEY'S FEES
DISPOSITION:                     AFFIRMED - 02/09/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.

**BARNES, J., FOR THE COURT:**

¶1.     Kenneth Stallings, appearing pro se, appeals the judgment of the Chancery Court of Claiborne County.  The chancellor upwardly modified Kenneth's child support, and found him in contempt for failure to provide dental insurance for his minor child and failure to pay medical expenses not covered by insurance.  Meeka Allen, the mother of the child, was awarded a judgment against Kenneth of $774.60 for her payment of dental-insurance premiums for the child, and $5,835.14 for her payment of various medical expenses to service providers.  Kenneth was ordered to pay Meeka's attorney's fees as well.

¶2.     Kenneth appeals, raising numerous issues, including the chancellor's award of a judgment to Meeka for dental insurance and medical expenses, as well as the finding of contempt.  Kenneth also claims he was prejudiced by the denial of his motion for a continuance at the hearing.  Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶3.     Kenneth and Meeka are the natural parents of the minor child, Kendrique Morgan, who was born out-of-wedlock in December 1994.  In May 2000, after a paternity test, Kenneth was determined to be Kendrique's natural father and was ordered to pay child support, provide health and dental insurance,  and pay all medical, dental, orthodontic, and eye-care expenses not covered by insurance.

¶4.     In February 2014, Meeka filed a petition for contempt and request to modify child support.  Meeka complained that Kenneth was in contempt of the court's May 2000 court order because he had failed to provide health and dental insurance for his son, and was not

paying the child's other medical, dental, orthodontic, and eye-care expenses not covered by insurance. On February 24, 2014, a Mississippi Rule of Civil Procedure 81 summons was issued, commanding Kenneth to appear before the chancellor on March 24, 2014, for a hearing on the petition. On March 3, 2014, Kenneth was personally and timely served with process. Kenneth, pro se, filed a response to the petition, and appeared at the hearing, where he requested a continuance, claiming he was not prepared due to a relative's death and wanted to obtain an attorney. Meeka responded that Kenneth had had three weeks since service of process to obtain an attorney. The chancellor denied the motion.

¶5.     After a hearing on the merits, each party submitted proposed findings of fact and conclusions of law. On April 16, 2014, the court entered an amended memorandum opinion and final judgment. The chancellor modified Kenneth's child-support payment from $300 per month to $509 per month. Kenneth was found in contempt of the court's May 14, 2000 order because he failed to provide dental insurance for his son. The court also found Meeka paid $774.60 for her son's dental insurance, which Kenneth had been ordered to pay, and thus entered a judgment against Kenneth for the same amount. Additionally, the court found Kenneth failed to pay all of his son's medical, dental, orthodonic, and eye-care expenses, and ordered Kenneth to pay Meeka the sum of $5,835.14 for these expenses she had incurred. There were also outstanding balances owed to many of the child's healthcare providers; so Kenneth was ordered to pay the balances (a sum of approximately $3,163.15) directly to the providers. Further, Kenneth was ordered to provide Meeka with a copy of the dental and insurance cards for their son.

¶6.     Kenneth filed a motion to reconsider the final judgment, which was denied. He timely appealed, claiming numerous errors, including the grant of the judgment of $5,835.14 to Meeka for their son's various medically related expenses. He also challenges the denial of his motion for a continuance, the contempt finding, and the adoption of Meeka's proposed findings of fact and conclusions of law.

## ANALYSIS

### I.     Continuance

¶7.     Kenneth claims the chancery court "[stood] in the way of justice" by denying his ore tenus motion for a continuance at the beginning of the hearing on the merits. Kenneth did not address this issue in his brief. At the hearing, his reason for requesting a continuance was his inability to secure an attorney due to financial hardship; however, it was later revealed that he had represented himself on other matters before the chancery court.

¶8.     The grant or denial of a continuance is within the discretion of the chancery court. A denial of a continuance will only be overturned when "manifest injustice" occurs. *Pool v. Pool*, 989 So. 2d 920, 924 (¶12) (Miss. Ct. App. 2008) (citing *In re Profilet*, 826 So. 2d 91, 93 (¶6) (Miss. 2002)). Prejudice must have resulted from the denial of a continuance in order for this Court to reverse. *Id.* at 925-26 (¶13) (citation omitted).

¶9.     Kenneth failed to present any evidence of prejudice due to the denial of his request for a continuance. He was properly served by a Rule 81 summons on Meeka's petition for contempt and modification on February 24, 2014, approximately twenty-one days before the hearing date of March 24, 2014. Under Rule 81(d), he was only entitled to seven days'

notice prior to the hearing. He was given ample time to obtain an attorney if he so chose, and prepare any witnesses to support his defenses. Moreover, at the hearing, the chancellor gave Kenneth time to review the medical and dental bills Meeka had submitted to determine if he had paid them. Kenneth was not prejudiced by the denial of the continuance; thus, the chancery court did not abuse its discretion. This issue is without merit.

## II. Verbatim Adoption of Meeka's Proposed Findings of Fact and Conclusions of Law for Final Judgment

¶10. Kenneth complains that the chancery court abused its discretion in adopting Meeka's proposed findings of fact and conclusions of law verbatim. After the hearing, the chancellor asked both parties to submit their proposed orders. As Kenneth notes, the record does not include Meeka's proposed order, but Meeka does not deny that the chancery court adopted her document verbatim. However, this action did not prejudice Kenneth and is not error, as he claims.

¶11. Kenneth cites in support of his argument *Rice Researchers Inc. v. Hiter*, 512 So. 2d 1259 (Miss. 1987);[1] however, this case held, and the Mississippi Supreme Court has repeatedly reiterated, that "a trial court may adopt verbatim, in whole or part, the findings of fact and conclusions of law of a party." *Id.* at 1266; *Chamblee v. Chamblee*, 637 So. 2d 850, 858 (Miss. 1994); *Omnibank v. United S. Bank*, 607 So. 2d 76, 82-83 (Miss. 1992). Such action is within the trial court's discretion and is not "reversible error in and of itself." *Hiter*, 512 So. 2d at 1265 (citations omitted). The usual standard of review applies: "This Court

---

[1] Kenneth also cites in support Mississippi Code Annotated section 11-7-87 concerning "circuit court" practice, but that code section was repealed in 1991.

will not disturb the findings of the chancellor when supported by substantial evidence unless the chancellor has abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *Thomas v. Scarborough*, 977 So. 2d 393, 397 (¶9) (Miss. Ct. App. 2007) (quoting *Sanderson v. Sanderson*, 824 So. 2d 623, 625-26 (¶18) (Miss. 2002)). Further, the "heightened scrutiny" standard cited by Meeka no longer applies. The supreme court has held "our duty requires us in every case to be as careful and as sensitive to error as we can be, and we cannot condone a standard that allows us to be less sensitive to error in one case than another." *Bluewater Logistics LLC v. Williford*, 55 So. 3d 148, 156 (¶27) (Miss. 2011). The trial court's reliance on the party's findings will not be deemed error if substantial evidence exists to support those findings. *Thomas*, 977 So. 2d at 396 (¶10) (citing *Sanderson*, 824 So. 2d at 625-26 (¶8)).

¶12. Here, there was no procedural error for the chancery court to adopt verbatim Meeka's proposed findings of fact and conclusions of law. As stated in the past, "[t]his Court recognizes the complexities and nuances of individual cases, which in addition to crushing trial court caseloads necessitate substantial reliance upon the on submissions of trial counsel. *Id.* (citing *Hiter*, 512 So. 2d at 1266).

### III. Contempt Finding

¶13. The chancery court found Kenneth in contempt for failing to provide dental insurance for his son and failing to pay all of his son's medical, dental, orthodontic, and eye-care expenses not covered by insurance. Kenneth claims this finding was in error.

¶14. The primary purpose of a civil-contempt order is to enforce compliance with a court

order. *Evans v. Evans*, 75 So. 3d 1083, 1087 (¶14) (Miss. Ct. App. 2011) (citing *Dennis v. Dennis*, 824 So. 2d 604, 608 (¶8) (Miss. 2002)). Contempt is determined by the facts and left to the chancellor's discretion. *Milam v. Milam*, 509 So. 2d 864, 866 (Miss. 1987). "Failure to comply with a court order is prima facie evidence of contempt." *Evans*, 75 So. 3d at 1087 (¶14) (citing *McIntosh v. Dep't of Human Servs.*, 886 So. 2d 721, 724 (¶11) (Miss. 2004)). "To rebut a prima facie case of contempt, a defendant must show an 'inability to pay, that the default was not willful, that the provision [violated] was ambiguous, or that performance was impossible.'" *Id.* (citing Deborah H. Bell, *Bell on Mississippi Family Law* § 11.05(1)(a) (1st ed. 2005)). An adjudication of civil contempt must be proven by clear and convincing evidence. *Id.* (citations omitted). The standard of review for civil contempt on appeal is manifest error, meaning "the factual findings of the chancellor are affirmed unless manifest error is present and apparent." *Purvis v. Purvis*, 657 So. 2d 794, 797 (Miss. 1994).

¶15. Kenneth argues that he had no knowledge of any unpaid medical bills prior to the hearing. Further, he claims all of his and Meeka's exchanges regarding payment of medical bills were oral requests for money from Meeka; so there were no receipts.

¶16. Kenneth's arguments are without merit. The chancery court found that Kenneth provided no proof of any payments he made for Kendrique's medical, dental, orthodontic, and eye-care expenses. Meeka, on the other hand, provided outstanding medical billing statements for services provided, showing Kenneth had not made payments on them. She also provided numerous medical-related billing statements, testifying she had paid these service providers directly. Kenneth defended his admitted failure to pay orthodontic

7

expenses by claiming, in his opinion, his son did not need orthodontic treatment. Yet the original order of May 2000 specifically stated Kenneth must pay all "orthodontic" expenses. Further, Kenneth did not provide any proof of dental-insurance benefits for the child. Moreover, he failed to rebut Meeka's prima facie showing of contempt – he did not provide proof that he could not pay for the medical expenses or dental-insurance premiums, or prove his lack of payment was not willful. We conclude that the chancery court did not abuse its discretion in finding Kenneth in contempt.

### IV. Insurance Coverage and Medical Expenses

¶17. Kenneth makes several arguments related to the chancery court's ruling on insurance coverage and payment of medical expenses. The standard of review regarding a chancellor's determinations is well established. "A chancellor's findings will not be disturbed unless he was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Nichols v. Funderburk*, 883 So. 2d 554, 556 (¶7) (Miss. 2004) (quoting *In re Estate of Johnson*, 735 So. 2d 231, 236 (¶24) (Miss. 1999)). If substantial evidence supports the chancellor's findings, the reviewing court cannot disturb them. *Id.*

¶18. Regarding insurance coverage, Kenneth claims the chancery court did not give him "credit" for his payment of health-insurance premiums. However, he does not specify what type of "credit" he seeks. Under the initial court order, Kenneth was required to provide Kendrique's health insurance. Kenneth was not found in contempt for failure to pay health-insurance premiums – only for failure to pay dental-insurance premiums and medical expenses. Therefore, there was no dispute regarding provision of Kendrique's health

insurance.[2]

¶19.    Regarding dental- and vision-insurance coverage, Kenneth argues the chancery court erred in not acknowledging he provided it, as shown by his payroll records submitted into evidence. The chancellor did not make a finding about provision of vision insurance, only payment of vision expenses. Regarding dental insurance, Kenneth did provide payroll receipts from his employer, Alcorn State University, from January 2013 through November 2013, which show a deduction from his gross pay of $68.76 for "CDental," among other items. However, Kenneth failed to prove at the hearing that this dental-insurance deduction was for his son's dental insurance. The chancery court found Kenneth submitted no proof that he had provided dental insurance for his son, while Meeka submitted documents showing she had paid $774.60 for dental insurance through her federal employer for Kendrique from January 2008 until the time of the final judgment in April 2014.

¶20.    Regarding health, dental, orthodontic, and vision expenses, Kenneth argues Meeka should have to share in any future expenses. However, Kenneth never made this request during the chancery-court proceedings. "It is well-established that a party is not allowed to raise an issue for the first time on appeal, because to do so prevents the lower court from addressing the alleged error." *Ory v. Ory*, 936 So. 2d 405, 409 (¶9) (Miss. Ct. App. 2006) (citation omitted). Therefore, Kenneth has waived this issue. Likewise, Kenneth argues that the chancery court erred in "not applying the Mississippi statute of limitations to old bills"

___

[2] There was a dispute, although unrelated to the contempt claim, regarding Kenneth's provision of Kendrique's health-insurance card. Kenneth was ordered to provide a copy of the card to Meeka within thirty days of the final judgment.

presented by Meeka at the hearing. As Kenneth did not raise this affirmative defense before the chancery court, he has waived this argument on appeal.

¶21. He also contends Meeka "sat on her rights" by not timely submitting hard copies of past expenses to him, and she should be barred from reimbursement, citing in support the supreme court's *Milam* decision. In *Milam*, the supreme court held that even though the ex-husband was ordered by a divorce decree to provide medical care for the children, when the ex-wife failed to consult with him before medical care was received or present medical bills to him, she was not entitled to expense reimbursement. *Milam*, 509 So. 2d at 866. However, *Milam* is distinguishable; the ex-wife never submitted medical expenses to the ex-husband to pay, as Meeka did here. Kenneth also claimed he paid Meeka for medical expenses, but did not produce copies of the bills at the hearing, thus failing to meet his burden of proof.

¶22. Kenneth also generally complains that the chancery court erred in assigning more credibility to Meeka's testimony and evidence about notifying Kenneth of any medical expenses. However, "it is the chancellor's duty to weigh the evidence"; the chancellor "is in a better position [than the appellate court] to judge the veracity of witnesses and credibility of evidence." *Lee v. Lee*, 798 So. 2d 1284, 1291 (¶29) (Miss. 2001). In reviewing the record, there was substantial evidence to support the chancellor's findings; therefore, this argument is without merit.

¶23. In conclusion, all of the chancery court's findings are supported by substantial evidence. Accordingly, the chancery court did not abuse its discretion.

¶24. **THE JUDGMENT OF THE CHANCERY COURT OF CLAIBORNE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

**APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**