# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01440-COA

LACEDRIC D. GIPSON                                                    APPELLANT

v.

STEPHANIE NICOLE JACKSON                                             APPELLEE

DATE OF JUDGMENT:            09/13/2016
TRIAL JUDGE:                 HON. GLENN ALDERSON
COURT FROM WHICH APPEALED:   TIPPAH COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      RANDOLPH WALKER
ATTORNEY FOR APPELLEE:       B. SEAN AKINS
NATURE OF THE CASE:          CIVIL - DOMESTIC RELATIONS
DISPOSITION:                 AFFIRMED IN PART; REVERSED AND
                             REMANDED IN PART - 02/13/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., WESTBROOKS AND TINDELL, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Lacedric D. Gipson appeals a judgment from the Chancery Court of Tippah County. After a review of the record, we affirm the chancery court's decision to hold Gipson in contempt for unpaid medical bills; however, we reverse the chancery court's upward modification of child support and remand for the court to make specific on-the-record findings regarding the child-support guidelines and deviation criteria.

### FACTS AND PROCEDURAL HISTORY

¶2.     At the time of the proceedings, Gipson and his wife had been married for approximately ten years. During the course of their marriage, Gipson fathered children with

two other women, including Stephanie Jackson. Jackson and Gipson have a son, D.J.,[1] who was born in 2008. On October 2, 2013, Jackson and Gipson entered into an agreement that granted custody of D.J. to Jackson subject to Gipson's rights of visitation. The agreement also included a provision for child support and a provision regarding payment of D.J.'s medical expenses. The medical-bill provision states the following:

> In the event that public assistance is no longer available, [Gipson] shall secure similar and adequate health insurance for the aforesaid minor child. Further, the parties shall thereafter split equally (50/50) out[-]of[-]pocket expenses and co-pays of any and all medical, dental, mental hospital, optometric, orthodontic, deductibles, and drug bills (nonprescription drugs excepted) not otherwise covered by said insurance. . . . [Jackson] shall submit all such out[-]of[-]pocket expenses to [Gipson] in writing and [Gipson] shall pay outstanding expenses within 30 days.

¶3. In 2015, D.J. no longer qualified for Mississippi Medicaid. Jackson stated that she began paying for his medical expenses out of her own pocket and placed him on her insurance. Jackson informed Gipson that D.J. no longer qualified for Medicaid, and that it would be more cost effective for their son to be placed on Gipson's insurance. However, Gipson testified that he forgot about getting insurance coverage. Gipson also informed Jackson that he would not pay his half of the medical bills — even though Jackson provided Gipson with copies of the receipts and bills to review.

¶4. Jackson filed a complaint for contempt and modification of child support. Jackson, who was living with her boyfriend at the time, also requested that the chancery court modify the provision prohibiting overnight romantic guests while in D.J.'s presence if said guests were not related by blood or marriage. Gipson filed a counter-petition for contempt and

---

[1] Initials are substituted for privacy of the minor child.

modification. The chancery court found both Jackson and Gipson in contempt and ordered they both be incarcerated until they purged themselves of contempt.[2] Gipson appeals.

## STANDARD OF REVIEW

¶5. "This Court's scope of review in domestic-relations cases is limited." *Wilson v. Stewart*, 171 So. 3d 522, 526 (¶8) (Miss. Ct. App. 2014) (citation omitted). "We will not disturb a chancellor's judgment when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong or clearly erroneous, or applied an erroneous legal standard." *Id*.

## DISCUSSION

### I. Contempt and Outstanding Medical Bills

¶6. Gipson asserts that the chancellor erred in ordering him to pay $696.99 to Jackson for D.J.'s medical bills. He argues that the chancellor's decision was not supported by substantial and credible evidence. However, Gipson fails to cite any authority to substantiate his assertion. This Court has held that "failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment." *In re Estate of Forrest*, 165 So. 3d 548, 550 (¶7) (Miss. Ct. App. 2015).

---

[2] The chancery court increased Gipson's child-support payments to $350 per month, denied Gipson's request for joint physical custody, and ordered that he be incarcerated in the Tippah County jail until he paid half of the medical bills. Gipson paid a total of $696.99 for the medical bills.

The chancery court also held Jackson in contempt for living with her boyfriend and ordered that Jackson be incarcerated until her boyfriend moved out of her home. However, Jackson and her boyfriend were married the same day. The court also denied Jackson's request to modify the provision forbidding overnight romantic guests while in the presence of the minor child if said guests were not related by blood or marriage.

¶7. Notwithstanding the procedural bar, we find that Gipson's assertion lacks merit. These facts are analogous to *Stallings v. Allen*, 201 So. 3d 500 (Miss. Ct. App. 2016). In *Stallings*,

> [a] chancery court found that [a father] provided no proof of any payments he made for [his son's] medical, dental, orthodontic, and eye-care expenses. [The mother], on the other hand, provided outstanding medical billing statements for services provided, showing [the father] had not made payments on them. She also provided numerous medical-related billing statements, testifying she had paid these service providers directly. [The father] defended his admitted failure to pay orthodontic expenses by claiming, in his opinion, his son did not need orthodontic treatment. Yet the original order . . . specifically stated [the father] must pay all "orthodontic" expenses. Further, [the father] did not provide any proof of dental-insurance benefits for the child. Moreover, he failed to rebut [the mother]'s prima facie showing of contempt – he did not provide proof that he could not pay for the medical expenses or dental-insurance premiums, or prove his lack of payment was not willful.

*Id.* at 504 (¶16). Moreover, there were no receipts submitted by the mother, yet this Court found that the chancery court's findings were supported by substantial evidence. *Id.* at 506 (¶23).

¶8. In this case, the chancery court's original order specifically stated that Gipson must pay half of D.J.'s medical bills. Furthermore, Jackson provided receipts and a spreadsheet that itemized and verified each payment she made toward D.J.'s medical bills. Therefore, we find that the chancery court did not abuse its discretion in finding Gipson in contempt. Further, we find that the chancery court's judgment was supported by substantial evidence. Therefore, this issue is without merit.

**II.     Modification of Child Support**

¶9. Gipson argues that the chancellor failed to make specific findings on the record, as

required for a modification of child support; yet there was a $200 increase.[3]

¶10.    This Court has held that "the chancellor must apply the guidelines to make the determination that their application would be unjust." *Evans v. Evans*, 75 So. 3d 1083, 1091 (¶31) (Miss. Ct. App. 2011) (citation omitted).  But there are exceptions to the guidelines regarding the modification of child support in Mississippi Code Annotated section 43-19-103 (Rev. 2015).  This section provides:

> The rebuttable presumption as to the justness or appropriateness of an award or modification of a child[-]support award in this state, based upon the guidelines established by [Mississippi Code Annotated section] 43-19-101 [(Rev. 2015)], may be overcome by a judicial or administrative body awarding or modifying the child[-]support award *by making a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case as determined according to the following criteria*:
>
> (a) Extraordinary medical, psychological, educational or dental expenses.
>
> (b) Independent income of the child.
>
> (c) The payment of both child support and spousal support to the obligee.
>
> (d) Seasonal variations in one or both parents' incomes or expenses.
>
> (e) The age of the child, taking into account the greater needs of

---

[3] Jackson asserts that the core issue of the case is whether the chancellor has the authority to increase child-support payments for a noncustodial parent without providing any factual support for his decision or consulting the Mississippi Child Support Guidelines. Jackson further asserts that this issue is an issue of first impression.  However, this Court and the Mississippi Supreme Court have addressed child-support modifications involving a noncustodial parent and specific on-the-record findings of fact. *See Dailey v. McBeath*, 151 So. 3d 1038, 1044 (¶16) (Miss. Ct. App. 2014); *Klein v. McIntyre*, 966 So. 2d 1252, 1258 (¶20) (Miss. Ct. App. 2007);  *Wallace v. Bond*, 745 So. 2d 844, 847 (¶11) (Miss. 1999).

older children.

(f) Special needs that have traditionally been met within the family budget even though the fulfilling of those needs will cause the support to exceed the proposed guidelines.

(g) The particular shared parental arrangement, such as where the noncustodial parent spends a great deal of time with the children thereby reducing the financial expenditures incurred by the custodial parent, or the refusal of the noncustodial parent to become involved in the activities of the child, or giving due consideration to the custodial parent's homemaking services.

(h) Total available assets of the obligee, obligor and the child.

(i) Payment by the obligee of child-care expenses in order that the obligee may seek or retain employment, or because of the disability of the obligee.

(j) Any other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.

Miss. Code Ann. § 43-19-103 (emphasis added).

¶11. Jackson presented a Rule 8.05 financial statement to the chancery court, and Gipson testified that he could pay an increase in child support – although the amount of the increase was not discussed. The chancery court discussed the fact that Gipson and his wife traveled frequently and the fact that Gipson had purchased gifts [4] for himself and his wife. However, the chancellor made no specific findings as to Gipson's adjusted gross income and gave no specific reasons for deviating from the guidelines.

¶12. The chancellor stated that while Gipson was not working due to a chronic ankle

---

[4] Gipson testified that the Michael Kors watches and purse that he purchased were counterfeit.

6

injury, he could get a part-time job and earn more income.  The chancellor also stated the following:

> As to the modification of child support, there's no doubt in this [c]ourt's mind that this man can work.  He is what you call a typical deadbeat.  For a man to make only $500.00 a month, and has got all of the toys around his house that he's got, but they belong to daddy.  This [c]ourt wasn't born yesterday.  And he says he likes to fish[.] I do[,] too.  It costs me $50.00 to $100.00 every time I go fishing — gasoline, the bait, and everything else.  But this man is able to fish, he is able to do carpenter work, he is able to do a lot of other stuff, but he physically cannot hold out to hold a job.  This [c]ourt doesn't believe it.  I'm going to set the child support at $350.00 a month, increase it.

¶13.     However, we find that the increase in child support was based upon speculative income.  In order for there to be a deviation from the guidelines, there must be specific findings of fact on the record.  Further, "[w]hen a chancellor makes a ruling without specific findings of fact and a party raises the issue of the amount of child support awarded, this Court will send the issue back to the lower court for the mandatory specific findings of fact as to why the chancellor deviated from the guidelines." *Dailey*, 151 So. 3d at 1044 (¶16).  As a result, the chancery court's upward modification of child support is reversed and remanded in order for the chancellor to make specific on-the-record findings that the application of the child-support guidelines would be unjust or inappropriate in this case.

¶14.     **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

        **LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.  IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**